**Timothy Roger SHIRLEY, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 04–97–00743–CV.

Court of Appeals of Texas, San Antonio.

May 20, 1998

Mark Jon Blaess, Mark Haby, San Antonio, for Appellant.

Andres Cedillos, Texas Dept. of Public Safety, Asst. Director of Hearings, San Antonio, Loren E. Svor, Texas Dept. of Public Safety, Asst. Gen. Counsel, Austin, John C. West, Jr., Texas Dept. of Public Safety, Legal Services, Chief of Legal Services, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

GREEN, Justice.

The Texas Department of Public Safety suspended Timothy Shirley's driver's license after he refused to provide a breath sample. Shirley contends the county court erred in affirming the suspension because he was not given a proper warning about the consequences of a breath test. Because we find the warning sufficient, we affirm.

### Background

A San Antonio police officer stopped Shirley for speeding. The officer observed Shirley's eyes were bloodshot, his speech was slurred, and he smelled of alcohol. When Shirley failed the field sobriety tests, the officer arrested him for driving while intoxicated. At the police station, the officer requested a breath sample and gave Shirley a written warning about the consequences of providing or refusing a breath sample. Shirley refused to give a breath sample or sign the warning.

Because Shirley refused to provide a breath sample, his driver's license was automatically suspended for ninety days. *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1) (Vernon Supp.1998). Shirley requested a hearing, and an administrative law judge sustained the suspension. *See id.* § 724.041. Shirley appealed to the county court, *see id.* § 724.047, which affirmed the decision of the administrative judge. Shirley then appealed to this court, which, on its own motion, questioned its jurisdiction.

## Appellate Jurisdiction

■ Our jurisdiction is regulated by statute. TEX. CONST. art. V, § 6; *see also Harbison v. McMurray*, 138 Tex. 192, 158 S.W.2d 284, 287 (1942). In general, the statutes limit our jurisdiction to cases involving an amount in controversy greater than $100 when the appeal arises from a county court acting in its appellate capacity. *See* TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988); TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); *see also In re S.G., Jr.*, 935 S.W.2d 919, 923 & n. 3 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.); *James v. Sam*, 335 S.W.2d 288, 288 (Tex.Civ.App.—San Antonio 1960, no writ). Because a driver's license suspension is usually appealed from a county court acting in its appellate capacity but does not involve an amount in controversy, we look to the Transportation Code for the source of our jurisdiction. *See C.L.B. v. State*, 567 S.W.2d 795, 796 (Tex.1978) (suggesting specific statutes control over general jurisdictional provisions).

■ The Transportation Code does not directly confer jurisdiction on the courts of appeals. *See* TEX. TRANSP. CODE ANN. §§ 524.041, 724.047 (Vernon Supp.1998). However, it incorporates the terms of the Administrative Procedure Act (APA), which, in turn, permits appeals from the district courts. *Id.;* TEX. GOV'T CODE ANN. § 2001.901(a) (Vernon Supp.1998). We read the APA as also permitting appeals from the county courts because the Act does not require suits to be filed in district courts. TEX. GOV'T CODE ANN. § 2001.176(b)(1) (Vernon Supp.1998). To read the APA to the contrary would create disparate results, especially in cases involving driver's license suspensions, where a non-attorney county judge may transfer cases to a district court. *See* TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon Supp.1998). We therefore hold we have jurisdiction over this appeal. *See Texas Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 265 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ) (basing jurisdiction on the APA); *Texas Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 927 (Tex.App.—Waco 1996, writ denied) (same).

## Standard and Scope of Review

■ We review the trial court's judgment de novo to determine whether Shirley's "substantial rights" were "prejudiced" by the Department's violation of a statutory provision. TEX. GOV'T CODE ANN. § 2001.174(2)(A) (Vernon Supp.1998); *Texas Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no pet.) (listing other grounds not relevant here). To determine whether a statute was violated, we read individual words, phrases, and provisions in the context of the entire statute; and we follow the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1988); *Linick v. Employers Mut. Cas. Co.*, 822 S.W.2d 297, 301 (Tex.App.—San Antonio 1991, no writ).

## Discussion

■ In a single point of error, Shirley complains he was improperly warned about the consequences of a breath test. In rebuttal, the Department contends its warning was sufficient although it differed from the statutory warning. We agree with the Department.

The Transportation Code requires an arresting officer to explain the consequences of refusing a breath test as well as the consequences of failing a breath test:

> [I]f the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended....
>
> [I]f the person is 21 years of age or older and submits to the taking of a specimen ... and an analysis of the specimen shows the person had *an alcohol concentration of a level specified by Chapter 49, Penal Code*, the person's license to operate a motor vehicle will be automatically suspended for not less than 60 days, whether or not the person is subsequently prosecuted as a result of the arrest[.]

TEX. TRANS. CODE ANN. § 724.015(2), (3) (Vernon Supp.1998) (emphasis added).

In this case, Shirley was given the following warning:

> If you give the specimen and analysis shows that you have *an alcohol concentra-*

**324**

*tion of **0.10 or more**,* your license, permit, or privilege to operate a motor vehicle will be suspended or denied for at least sixty (60) days, whether or not you are prosecuted for this offense.

(Emphasis added).[1]

Shirley contends the Department's warning is defective because, by not referring to chapter 49 of the Penal Code, it allows alcohol concentration to be measured at the time of the test rather than "at the time of driving." Thus, argues Shirley, his right to voluntarily waive the breath test was prejudiced by the inaccurate information. According to Shirley, the Department's warning must mirror the language of the Transportation Code.

The plain language of section 724.015 does not require an alcohol concentration "while driving" and we decline to include such language. *Martin v. Texas Dep't of Pub. Safety,* 964 S.W.2d 772, 775 (Tex.App.—Austin 1998, no pet. h.); *Texas Dep't of Pub. Safety v. Butler,* 960 S.W.2d 375, 377 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.); *see also Erdman v. State,* 861 S.W.2d 890, 893–94 (Tex.Crim.App.1993) (warning against adding language to the statutory warning). Additionally, we cannot say the Department violated the Transportation Code by referring to the specific alcohol concentration level specified by chapter 49 of the Penal Code. *See* TEX. PENAL CODE ANN. § 49.01(1), (2) (Vernon 1994) (defining "alcohol concentration" and the quantity necessary for intoxication). Accordingly, we hold the Department's warning does not violate a statutory provision nor does it prejudice a substantial right.

### Conclusion

We overrule Shirley's point of error, and we affirm the trial court's judgment suspending Shirley's driver's license.

---

1. This form was created by the Department, which designates it "DIC–24."