**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Ronald Wayne PUCEK, Appellee.**

No. 13–99–683–CV.

Court of Appeals of Texas, Corpus Christi.

June 1, 2000.

Stacey S. Zipp Billedo, Houston, Carla Elaina Eldred, Kevin Michael Givens, Supervising Atty., Alr Appeals, Austin, for Appellant.

Lloyd D. Stansberry, Alvin, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ

## OPINION

Opinion by Justice DORSEY.

This is an appeal of a county court at law's reversal of an administrative decision suspending Ronald Wayne Pucek's driver's license. We hold that this court has jurisdiction to hear such an appeal and that the county court at law erred in reversing the findings of the agency.

### *Jurisdiction*

Pucek contends that this court does not have jurisdiction to hear this appeal because the amount in controversy is not over $100.00, as required by TEX. GOVT. CODE ANN. § 22.220(a) (Vernon 1988). That section provides that the courts of appeal have appellate jurisdiction over all civil cases (1) over which the district courts or county courts have jurisdiction, and (2) where the amount in controversy exceeds $100, exclusive of interest and costs. We hold that this court has jurisdiction to hear appeals of decisions made pursuant to TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999).

Chapter 724 of the transportation code concerns suspension of drivers' license for refusal to take an intoxication test when

suspected of driving while intoxicated. If a person refuses a peace officer's request to take a specimen of the person's breath or blood to determine intoxication, the officer shall serve notice of license suspension on the person and make a written report of the refusal to the director of the department. *See* TEX. TRANS. CODE ANN. § 724.032 (Vernon 1999). A person may challenge such a suspension by requesting a hearing before an administrative law judge. *See id.* at § 724.041. The issues at the hearing are whether (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and, (4) the person refused to submit to the taking of a specimen on request of the officer. *See id.* at § 724.042. If the administrative law judge finds in the affirmative on each issue, the suspension order is sustained. *Id.* at § 724.043. If not, the department must reinstate the person's license or rescind an order denying the issuance of a license because of the person's refusal to submit to the taking of a specimen under section 724.032(a). *Id.* at § 724.043.

Appeal of the administrative law judge's decision is governed by chapter 524 of the transportation code. *Id.* at § 724.047. Chapter 524 of the transportation code provides for the administrative suspension of a person's driver's license for failure to pass a test for intoxication.

A suspension that is affirmed by the administrative law judge may be appealed to a county court at law. *Id.* at § 524.041(b). If there is no county court at law in the county in which the person was arrested, the appeal must be filed in county court. *Id.* However, if the county court judge in such an instance is not a licensed attorney, the appeal must be transferred to a district court upon motion of either party. *Id.*

■ The department may only appeal issues of law. *Id.* at § 524.041(d). The appeal is limited to the record of the administrative hearing with no additional evidence, except that the statute provides for a procedure whereby the appellant can apply to present additional evidence and if granted, the case will be remanded to the administrative law judge with instructions regarding the additional evidence. *Id.* at § 524.043. This appeal is not a jury trial, and there is no right to a jury trial. *Id.* at § 524.043(c). Because the transportation code provides no more details regarding judicial review of license suspensions under chapter 524, we look to the Administrative Procedures Act (APA). *See* TEX. GOVT.CODE ANN. § 2001 *et seq.* (Vernon's Pamph.2000).

Chapter 524 of the transportation code states that the APA applies to proceedings under that chapter "to the extent consistent with" chapter 524. *See* TEX. TRANSP. CODE ANN. § 524.002(b). The APA outlines the general principles of administrative law in the State of Texas. *See* TEX. GOVT.CODE ANN. § 2001.001 (purpose of APA), §§ 2001.051–2001.176 (outlining the procedures for contesting an agency action, the evidentiary standards, and the methods of judicial review). One of its express purposes is to "restate the law of judicial review of state agency action." *Id.* at § 2001.001.

■ Under the APA, a person aggrieved by a final decision in a "contested case" is entitled to judicial review. *Id.* at § 2001.171. A "contested case" is "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id.* at § 2001.003(1). The scope of review "is as provided by the law under which review is sought." *Id.* at § 2001.172. However, if the statute does not define the scope of judicial review, the APA supplies a standard. Under the APA, a court should

conduct its review under the "substantial evidence rule." *Id.* at § 2001.174. Because chapter 524 does not provide the scope of a county court at law's review of the administrative law judge's decision, courts have applied the "substantial evidence rule." *See, e.g., Mireles v. Texas Dep't of Public Safety,* 9 S.W.3d 128, 131 (Tex.1999); *Texas Dep't. of Pub. Safety v. Jennings,* 1 S.W.3d 348, 350 (Tex.App.—Corpus Christi 1999, no pet. h.); *Texas Dep't of Pub. Safety v. Thompson,* 2000 WL 377517 (Tex.App.—Beaumont April 13, 2000, no pet. h.) at *2.

A troublesome issue has arisen regarding appellate review of the county court at law decision, which is, in essence, an appeal of the administrative law judge's decision. Some courts have found that courts of appeal do not have jurisdiction to hear an appeal of the county court at law decision because the statute does not expressly provide for it, and because the APA says only that "a party may appeal a final *district court judgment* under this chapter in the manner provided for civil actions generally." TEX. GOVT.CODE ANN. § 2001.901 (emphasis added). Thus, the reasoning goes, the courts of appeal do not have jurisdiction to hear an appeal from a county court or county court at law, but may hear an appeal from a district court. *See Texas Dep't of Public Safety v. Barlow,* 992 S.W.2d 732, 740 (Tex.App.—Waco 1999, pet. filed).

However, the San Antonio court of appeals has expressly rejected that argument *See Shirley v. Texas Dep't of Public Safety,* 974 S.W.2d 321, 323 (Tex.App.—San Antonio 1998, no pet.). The San Antonio court held that the APA authorizes appeals from county courts as well as district courts even though it does not expressly say so. *Id.* The Court reasoned that if the statute were read literally, license suspensions heard in the district court would be appealable, but those heard in a county court or a county court at law would not be appealable. *Id.* Because the APA does not require suits to be filed in district courts,

the San Antonio court reasoned, the statute allowing appeals from district courts should include appeals from county courts, including county courts at law. *Id.* While there is a definite split in the districts on this issue, most courts of appeal still exercise jurisdiction over these matters. In fact, as recently as December of 1999, the Texas Supreme Court exercised jurisdiction over such an appeal where the San Antonio court had exercised appellate jurisdiction. *See Mireles v. Texas Dep't of Pub. Safety,* 993 S.W.2d 426 (Tex.App.—San Antonio 1999), *aff'd,* 9 S.W.3d 128 (Tex.1999). While petition for discretionary review has been filed in at least one case addressing the issue of the court of appeals' jurisdiction over these matters, no action has been taken on that petition and the supreme court has made no ruling on this matter. *See Texas Dep't of Pub. Safety v. Thompson,* 14 S.W.3d 853 (Tex. App.—Beaumont 2000).

The other jurisdictional issue that has arisen is whether courts of appeal do not have jurisdiction over these cases because there is no "amount in controversy." Section 22.220(a) states that each court of appeals has appellate jurisdiction over all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs. TEX. GOVT. CODE ANN. § 22.220(a) (Vernon 1988). However, the suspension of a driver's license does not literally involve an "amount in controversy." Thus, some courts have reasoned, appeals of driver's licenses do not fall under the general jurisdiction of the appellate courts.

■ Interestingly, though, the courts appear to agree that they had jurisdiction over these appeals prior to the recodification of the jurisdictional statute. *See Texas Dep't of Public Safety v. Callender,* 14 S.W.3d 319 (Tex.App.—Houston [14th Dist.] 1999); *Barlow,* 992 S.W.2d at 738–39. We hold that if jurisdiction existed before the codification, which was intended

to be a nonsubstantive codification of the prior law, jurisdiction survived the codification. *Compare* Act approved Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws 75, 75 (amended 1981) (the former "general jurisdiction" statute) (stating that courts of appeal have general jurisdiction over every final judgment in a county court in civil cases where the county court has original jurisdiction) *with* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997) (making no distinction between categories of cases and imposing the $100.00 amount in controversy requirement to original proceedings in the county court). Accordingly, we will continue our regular practice of exercising jurisdiction over these cases along with the majority of courts of appeal until this approach is rejected by the supreme court. *See Texas Dep't of Pub. Safety v. Norrell*, 968 S.W.2d 16 (Tex.App.—Corpus Christi 1998, no pet); *accord Thompson*, 14 S.W.3d 853 (Beaumont); *Texas Dep't of Pub. Safety v. O'Donnell*, 998 S.W.2d 650, 654 (Tex. App.—Fort Worth 1999, no pet.); *Texas Dep't of Pub. Safety v. Salas*, 977 S.W.2d 845 (Tex.App.—Austin 1998, no pet.); *Shirley*, 974 S.W.2d at 323 (San Antonio); *Texas Dep't of Public Safety v. Watson*, 945 S.W.2d 262, 265 n. 4 (Tex.App.—Houston [1st Dist.] 1996, no writ).

We hold that the court of appeals has general jurisdiction over appeals from a license suspension appeal heard in a county court, county court at law or district court. If all courts agree that jurisdiction existed prior to the recodification, and if the recodification is intended to be nonsubstantive, the only reasonable construction is that the statute continues to mean what it meant prior to the recodification. We now turn to the substantive points in appellant's case.

### Substantial Evidence Review

■ This court conducts its review of these appeals under the substantial evidence standard. *See Mireles*, 9 S.W.3d at 130; TEX. TRANSP. CODE ANN. § 524.041; TEX. GOV'T CODE ANN. § 2001.174. The burden for overturning an agency ruling is quite formidable.

A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency.... The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. In fact, an administrative decision may be sustained even if the evidence preponderates against it.

*Mireles*, 9 S.W.3d at 130.

■ The county court at law reversed the decision of the administrative judge and rendered judgment denying the Department's petition to suspend Pucek's license. In reviewing a ("ALJ") decision by administrative law judge under the substantial evidence rule, a court may not substitute its judgment for that of the ALJ on the weight of the evidence. TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph. 1999). The court may reverse or remand the case if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of a constitutional or statutory provision; (2) in excess of the agency's statutory authority; (3) made through unlawful procedure; (4) affected by other error or law; (5) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. *Id.*

The administrative law judge heard testimony from Officer McReynolds, who was on the scene of the accident involving Pucek. Officer McReynolds testified that Pucek admitted to him he had been driving when the accident occurred. He stated

that the accident occurred at an intersection in the City of Alvin. He stated that Mr. Pucek struck a barbed wire fence, a barn, a flatbed trailer, and a tractor.

The administrative law judge admitted three exhibits, which contained Officer McReynolds' report. His report stated that Pucek was given an opportunity to take a breath test to determine if he was intoxicated and Pucek declined the test. His report stated that when he arrived upon the scene of the accident, Pucek told the officer that he was the driver of the truck and that he had lost control of his vehicle. The officer noted that Pucek had a very strong odor of alcohol, slurred speech and appeared to be unsteady on his feet. Officer McReynolds administered a field sobriety test to Pucek, which Pucek did not perform well and ultimately gave up trying to pass. The officer's report also stated that when he took Pucek into custody, Pucek urinated in the backseat of the officer's patrol vehicle.

Pucek argued that the administrative law judge never formally admitted McReynolds' report into evidence. However, the record reveals that when the police officer's sworn report was offered into evidence, Puck made two objections. First, he objected that the report should only be admitted subject to the appearance of the officer. Next, he objected that the officer's statement contained "conclusory statements made by the officer which should not be allowed in under the theory of probable cause." The administrative law judge responded:

> [A]s to your request to verify the presence of the witness—subpoenaed witness, Officer McReynolds, which I also believe is the affiant on the [report] ... I will comply with that request and verify and make sure that he is present and here to testify. As to the second objection, it goes to the weight and not the admissibility of the documents.

Over objection, if that is the only objection still standing after the officer's attendance has been verified, the documents will be admitted into evidence, and the DIC, in particular, over objection.

However, I will reserve admittance of the DIC–23 until I verify the appearance of Officer McReynolds.

Officer McReynolds was then contacted and testified at the hearing via telephone.[1] He was called to testify not by the Department, but by Pucek. Pucek asked him several questions regarding his report in particular. Officer McReynolds' was the only testimony taken, and both sides were given an opportunity to make a closing statement. Pucek never argued that McReynolds' report should not be admitted into evidence, and in fact, he acted as if it had been admitted into evidence.

The record of the administrative hearing demonstrated a reasonable basis for the agency's action and thus, the administrative decision should have been affirmed. There was evidence that (1) reasonable suspicion or probable cause existed to stop or arrest Pucek; (2) probable cause existed to believe that Pucek was operating a motor vehicle in a public place while intoxicated; (3) Pucek was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) he refused to submit to the taking of a specimen on request of the officer. *See* TEX. TRANSP. CODE ANN. 724.042. We hold the county court at law erred in reversing the findings of the administrative law judge. The judgment of the county court at law is reversed, and we affirm the administrative decision.

---

1. Section 724.041(e)(2) allows the hearing to be held by telephone conference call with the consent of the person requesting the hearing and the Department. TEX. TRANSP. CODE ANN. § 724.041(e) (Vernon 1999). Pucek did not object to the taking of the police officer's testimony via telephone. Thus, the officer's telephone testimony had the status of evidence at the hearing before the administrative law judge.