NUMBER 13-00-215-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


TEXAS DEPARTMENT OF PUBLIC SAFETY , Appellant,


v.


THOMAS G. PHILLIPS , Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 4 

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


 The Texas Department of Public Safety (DPS) appeals a county court at law's judgment vacating an order of the
administrative law judge (ALJ) suspending the driver's license of appellee, Thomas G. Phillips. By two issues, DPS
complains the county court at law erred (1) in finding there was not substantial evidence to support the administrative
decision, and (2) in holding the officer did not have probable cause to arrest Phillips. We reverse the order of the county
court at law and reinstate the administrative order.

 Phillips was arrested for driving while intoxicated following a car accident where he drove into a disabled vehicle parked
on the shoulder of the road. At the scene of the accident, Officer Jeffrey Chain, a peace officer with the Port Aransas
Police Department, requested that Phillips give a breath specimen for a blood alcohol concentration (BAC) test. Phillips
refused. This triggered the license suspension provisions of the implied consent statute. See Tex. Transp. Code Ann. §
724.035 (Vernon 1999) (authorizing DPS to suspend a driver's license if driver refuses BAC test). Later, Officer Chain
obtained a mandatory blood test from Phillips because a passenger in the accident sustained severe injuries. See id. §
724.012.

 Phillips requested an administrative hearing to challenge the ninety-day suspension of his license. See id. § 724.041. After
the hearing, the ALJ upheld the ninety-day suspension. Phillips filed a petition for judicial review. See id. §§ 524.041 &
724.047. The county court at law reversed the ALJ's decision concluding that it was not supported by substantial evidence.
(1) The county court at law ordered that Phillips's driver's license not be suspended and that DPS remove all references to
the ALR suspension from Phillips's driving record. DPS appeals from the final judgment of the county court at law.

 An appeal of a decision regarding the suspension of a driver's license by an ALJ is conducted under the substantial
evidence standard. See Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); Texas Dep't of Pub. Safety v. Pucek, 22 S.W.3d
63, 67 (Tex. App.-Corpus Christi 2000, no pet.). This Court will affirm the ALJ's decision if there is any reasonable basis
in the administrative record to support it. See Mireles v. Texas Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). 
"Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. 
In fact, an administrative decision may be sustained even if the evidence preponderates against it." Id. at 130. "[I]f there is
evidence to support either affirmative or negative findings on a specific matter, the decision of the agency must be upheld." 
Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). Furthermore, the
ALJ's findings, inferences, conclusions, and decisions are presumably reasonable. See id. at 453. "The burden for
overturning an agency ruling is quite formidable." Pucek, 22 S.W.3d at 67.

 By its first issue, DPS contends the county court at law erred in finding there was not substantial evidence to support the
administrative decision. DPS asserts the ALJ reasonably concluded that Phillips violated the implied consent statue when
he refused to submit a breath specimen.

 The implied consent statute, chapter 724 of the Texas Transportation Code, calls for the suspension of the driver's license
of any person who is arrested for an offense related to driving while intoxicated and refuses to voluntarily submit to the
taking of a specimen to determine the person's alcohol concentration. See Tex. Transp. Code Ann. § 724.035 (Vernon
1999); Texas Dep't of Pub. Safety v. Stanley, 982 S.W.2d 36, 37 (Tex. App.-Houston [1st Dist.] 1998, no pet.). The
evidence presented at the administrative hearing established that Officer Chain arrested Phillips for an offense arising out
of Phillips's driving while intoxicated, warned Phillips about the consequences of refusing to submit a specimen of his
breath or blood, and asked Phillips to submit a breath specimen. It is undisputed that Phillips expressly refused to submit
the requested breath specimen. This testimony and Officer Chain's sworn report of that refusal constitute substantial
evidence, more than a scintilla of evidence, to support the ALJ's finding that Phillips violated the implied consent statute
when he failed to submit the requested breath specimen.

 DPS also contends the ALJ correctly excluded the involuntary blood specimen test results from evidence. Whether to
admit or exclude evidence is within the trial court's sound discretion. See City of Brownsville v. Alvarado, 897 S.W.2d 750,
753 (Tex. 1995). On appeal, this Court will review a trial court's evidentiary decisions by an abuse of discretion standard. 
See Jackson v. Van Winkle, 660 S.W.2d 807, 809-10 (Tex. 1983); see also Cavazos v. State, 969 S.W.2d 454, 456 (Tex.
App.-Corpus Christi 1998, pet. ref'd) (citing Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984)). An
administrative agency's decision regarding the admission or exclusion of evidence is reviewed under the same standard. 
See Texas Dep't of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810 (Tex. App.-Houston [14th Dist.] 1997, no pet.).

 At the hearing, Officer Chain testified that, based on his review of the DPS blood alcohol results, Phillips's mandatory
blood specimen contained an alcohol content of .09, which was below the .10 legal limit required to show intoxication at
the time of Phillips's arrest. (2) Officer Chain testified he did not know, however, how long after the accident the blood
specimen had been obtained. The report, dated June 22, 1999, only revealed that the specimen was received by the
laboratory on May 11, 1999, two days after the accident. There is nothing in the record establishing who drew the blood
specimen, or that it was taken in a sanitary place, as required by statute. See Tex. Transp. Code Ann. § 724.017 (Vernon
1999); see also Cavazos, 969 S.W.2d at 456-57 (absent evidence that blood was drawn by qualified individual, blood test
results and officer's testimony about those results are inadmissible). When Phillips attempted to offer the record of his
blood specimen analysis into evidence, DPS objected on the basis that Phillips had not laid a predicate for the record and
that it was not relevant. The ALJ sustained the objections. Phillips made an offer of proof on the basis that it was a
business record. See Babcock v. Northwest Mem. Hosp., 767 S.W.2d 705, 708 (Tex. 1989) (to obtain review on exclusion
of evidence, party must provide record of what evidence would have shown). (3)

 Nonetheless, we conclude the ALJ did not abuse his discretion when he excluded evidence regarding the blood specimen
analysis from the hearing. His ruling on DPS's objections was reasonable on the basis that no predicate was laid for the
record. Thus, the county court at law erred in considering the analysis in its review. DPS's first issue is sustained.

 By its second issue, DPS contends the ALJ reasonably found probable cause existed to arrest Phillips; thus, the county
court at law erred in holding otherwise. At the administrative hearing, DPS was required to prove whether reasonable
suspicion or probable cause to arrest the person existed, and whether probable cause existed to believe the person was
intoxicated. See Tex. Transp. Code Ann. § 724.042(1), (2) (Vernon 1999). An officer has probable cause to make an arrest
when the facts and circumstances within his knowledge justify a reasonable belief that a particular person has committed or
is committing an offense. See Guzman v. State, 955 S.W.2d 85, 87, 90 (Tex. Crim. App. 1997); Atkinson v. State, 848
S.W.2d 813, 815 (Tex. App.-Houston [14th Dist.] 1993, pet. ref'd). We review de novo the determination of the existence
of probable cause. See Guzman, 955 S.W.2d at 89. Furthermore, DPS did not have the burden of disproving the possibility
that Phillips's demeanor at the accident scene was caused by anything other than alcohol consumption. See Geesa v. State,
820 S.W.2d 154, 156-59 (Tex. Crim. App. 1991), overruled in part on other grounds by Paulson v. State, 28 S.W.3d 570,
573 (Tex. Crim. App. 2000);Smith v. State, 961 S.W.2d 501, 504 (Tex. App.-San Antonio 1997, no pet.).

 The record establishes that Officer Chain knew the accident occurred when Phillips drove into a parked vehicle. He also
knew that the collision resulted in severe damage to both vehicles and injury to a passenger. Although Phillips's doctor
later testified that Phillips had sustained injuries in the accident that may have affected his demeanor at the time of his
arrest, Phillips did not appear to have been injured. He denied being injured and refused medical treatment at the scene. 
Phillips did admit to consuming alcoholic beverages. Officer Chain also noted a strong odor of alcohol on his breath. 
Phillips's speech was slurred and mumbled, and his eyes were bloodshot. Furthermore, Phillips was slow to follow the
officer's directions and displayed numerous indicia of intoxication.

 Our review of the record establishes that, as a matter of law, the ALJ did not err in concluding there was probable cause to
arrest Phillips, and that the facts and circumstances within his knowledge justified a reasonable belief that Phillips was
driving while intoxicated. DPS's second issue is sustained.

 Accordingly, we reverse the judgment of the County Court at Law No. 4 and render judgment affirming the September 7,
1999, order of the administrative law judge suspending the driver's license of Thomas G. Phillips. 

NELDA V. RODRIGUEZ

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 25th day of October, 2001.

 

1. The county court at law also concluded that the ALJ's decision did not "allow for the exception to Chapter 724, created
by Chapter 524, Section 524.012[(c)(1)], of the Texas Transportation Code. . . ." On appeal, Phillips contends that chapter
524 of the transportation code does, in fact, create an exception to chapter 724, the transportation code's implied consent
statute, when a mandatory blood specimen reveals a level below the alcohol concentration level required for intoxication. 
We do not reach this issue, however, because, as set out below, we conclude the mandatory blood specimen results were
correctly excluded from evidence.

2. The legal blood-alcohol limit was changed after the date of the accident. It is currently .08. See Tex. Pen. Code Ann. §
49.01(2)(B) (Vernon Supp. 2001).

3. Phillips contends that the blood analysis was properly before the court as a business record. Although records of a
regularly conducted business activity are admissible if they are made at or near the time of the activity, recorded as part of a
regularly conducted business activity, made by, or from data provided by, a person with knowledge, the source of
information or the method of preparation must not indicate a lack of trustworthiness. SeeTex. R. Evid. 803(6). In this case,
DPS challenged the trustworthiness of the source of information and the method of its preparation.