11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Texas Department of Public Safety

Appellant

Vs.                   No.
11-02-00046-CV B
Appeal from Galveston County

Travis Darol Phillips

Appellee

 

This is a driver=s
license suspension case.  The Texas
Department of Public Safety (DPS) suspended Travis Darol Phillips=s driver=s license based upon his
failure to give a breath or blood specimen after being arrested for driving
while intoxicated on July 27, 2001. 
Phillips requested a hearing on the license suspension.  On August 29, 2001, following a hearing, the
administrative law judge (ALJ) upheld the license suspension decision in an
administrative order.  Phillips appealed
to the County Court at Law No. 2 of Galveston 
County.   On November 16, 2001,
following a hearing, the trial court reversed the decision of the ALJ and
entered an AOrder
Denying Suspension.@  The DPS 
appeals the trial court=s
decision.  We reverse and render.

The trial court=s
reversal of the ALJ was based upon its conclusion that there was no evidence
that Phillips was given a Acomplete
warning@ concerning
the effect of a failure to give a blood or breath specimen.  The DPS raises three issues on appeal.  In its first and second issues, the DPS contends
that the trial court erred because the ALJ properly admitted the DPS=s exhibits as
evidence.  Two of the exhibits provided
evidence that the police officer gave warnings to Phillips about the
consequences of a failure to submit to the taking of a specimen.  At the administrative hearing, Phillips=s counsel objected to these
two exhibits, claiming that the exhibits should be excluded because the DPS had
failed to produce a part of one of the exhibits in response to Phillips=s request for production.  The ALJ overruled Phillips=s objection and admitted
the exhibits.  Phillips=s counsel re-urged his
complaint at the hearing in the trial court.  









The DPS also argues that Phillips waived  his objection to the exhibits by failing to
raise the objection as a preliminary matter before the administrative
hearing.  In its second issue on appeal,
the DPS asserts that, if part of a document is offered as evidence, the proper
procedure is to admit that part of the document and to permit the other party,
if that party wishes, to admit the remainder of the document under the rule of
optional completeness.  Because we find,
in our discussion below, that the ALJ did not err in overruling Phillips=s objection to the DPS=s exhibits, it is not necessary
to determine whether Phillips waived his objection or address the rule of
optional completeness.  

In its third issue on appeal, the DPS complains of
the trial court=s
finding that there was no evidence that Phillips was given a Acomplete warning@ concerning the effect of a
failure to give a specimen.  We review
driver=s license
suspension cases under the substantial evidence standard.  Texas Department of Public Safety v. Pucek,
22 S.W.3d 63, 67 (Tex.App. - Corpus Christi 2000, no pet=n).  In
Mireles v. Texas Department of Public Safety, 9 S.W.3d 128, 131 (Tex.1999), the
Texas Supreme Court explained the standard as follows:

A
court applying the substantial evidence standard of review may not substitute
its judgment for that of the agency. 
The issue for the reviewing court is not whether the agency=s decision was correct, but
only whether the record demonstrates some reasonable basis for the agency=s action.  Courts must affirm administrative findings
in contested cases if there is more than a scintilla of evidence to support
them.  In fact, an administrative
decision may be sustained even if the evidence preponderates against it.  (Citations omitted)

 








Likewise, county courts at law have reviewed
license suspension decisions of the ALJ under a substantial evidence
standard.  Texas Department of  Public Safety v. Pucek, supra at 66.  The DPS suspended Phillips=s driver=s license under the
provisions of TEX. TRANSP. CODE ANN. 
ch. 724 (Vernon 1999 & Supp. 2002). 
TEX. TRANSP. CODE ANN. ch. 524 (Vernon 1999 & Supp. 2002)  governs appeals of ALJ decisions in license
suspension cases.  See Section
724.047.  Since Athe transportation code provides no more details
regarding judicial review of license suspensions under chapter 524, we look to
the Administrative Procedures Act (APA). 
See TEX. GOVT. CODE ANN. '
2001 et seq.@  Texas Department of Public Safety v. Pucek,
supra at 65.  The standard of review for
driver=s license
suspension cases is set forth in TEX. GOV=T
CODE ANN. ' 2001.174
(Vernon 2000).  Under Section 2001.174,
the county court at law Amay
not substitute its judgment for [that of the ALJ] on the weight of the
evidence.@  Texas Department of Public Safety v. Pucek,
supra at 67; Section 2001.174.  

Section 2001.174(2) sets forth the circumstances
under which the reviewing court must 
reverse or remand the case.  The
court: 

[S]hall
reverse or remand the case for further proceedings if substantial rights of the
appellant have been prejudiced because the administrative findings, inferences,
conclusions, or decisions are:  (A)  in violation of a constitutional or
statutory provision; (B) in excess of the agency=s
statutory authority; (C) made through unlawful procedure; (D) affected by other
error or law; (E) not reasonably supported by substantial evidence considering
the reliable and probative evidence in the record as a whole; or (F) arbitrary
or capricious or characterized by abuse of discretion or clearly unwarranted
exercise of discretion.

 

The trial court=s
reversal of the ALJ was based upon a finding that there was no evidence that
Phillips was given a Acomplete
warning@ concerning
the consequences of the failure to give a blood or breath specimen.  We must examine the evidence before the ALJ
to determine whether the trial court=s
reversal was error.  Appellant did not
call any witnesses at the hearing before the ALJ.  Appellant offered certified copies of three exhibits.  The exhibits are referred to in the record
as DPS-1, DPS-2, and DPS-3.  DPS-1 was
the Peace Officer=s
Sworn Report and is also referred to as a DIC-23.  DPS-2 was the Statutory Warning and is also referred to as a  DIC-24. 
DPS-3 was a Notice of Suspension and is also referred to as a
DIC-25.  Phillips objected to the
admission of DPS-1 and DPS-2, claiming that the DPS had failed to produce the Aback@ page of the DIC-24 in response to Phillips=s request for
production.  Phillips argued that, since
the DPS failed to produce the entire DIC-24, the ALJ should exclude the DIC-23
(which incorporates the DIC-24 by reference) and the DIC-24 from evidence.  This was the only objection made by Phillips
to the exhibits.  Phillips did  not offer any evidence that there was a back
page of the DIC-24.  Phillips offered
his request for production and DPS=s
response to the request as exhibits. 
The DPS did not object to this offer, and the ALJ admitted the
documents.  








The ALJ overruled Phillips=s objection and admitted DPS-1 and DPS-2 into
evidence.  We review ALJ rulings Aon the admission or
exclusion of evidence under the abuse of discretion standard we apply to trial
courts.@  Texas Department of Public Safety v.
Mendoza, 956 S.W.2d 808, 810 (Tex.App. - Houston [14th Dist.] 1997, no pet=n); citing City of Amarillo
v. Railroad Commission of Texas, 894 S.W.2d 
491, 495 (Tex.App. - Austin 1995, writ den=d).  The abuse of discretion test is defined as Awhether the court acted
without reference to any guiding rules and principles@ or, in other words,  Awhether
the act was arbitrary and unreasonable.@
Texas Department of Public Safety v. Mendoza, supra at 810; citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. den=d, 476 U.S. 1159
(1986).  The DPS had produced copies of
all of its administrative hearing exhibits (DPS-1, DPS-2, and DPS-3) to
Phillips in response to Phillips=s
request for production.  Under these
circumstances, the ALJ did not abuse her discretion in admitting DPS-1 and
DPS-2 into evidence.  

Phillips did not object to the admission of
DPS-3.  The ALJ admitted it as
evidence.  After its exhibits were
admitted, the DPS did not offer any more evidence.  Phillips did not offer any more evidence. 

Based upon the evidence, the ALJ upheld the DPS=s suspension of Phillips=s license and issued its
administrative decision upholding the DPS=s
suspension of Phillips=s
license.  In its decision, the ALJ
made  findings on the four necessary
elements to support a suspension of a driver=s
license: (1) reasonable suspicion or probable cause existed to stop or arrest
Phillips; (2) probable cause existed to believe that Phillips was operating a
motor vehicle in a public place while intoxicated; (3) Phillips was placed
under arrest by the officer and was requested to submit to the taking of a
specimen; and (4) Phillips refused to submit to the taking of a specimen on
request of the officer.  See Texas
Department of Public Safety v. Mendoza, supra at 813; citing Sections 724.042
and 724.043.

Additionally, under Section 724.015 of the
Transportation Code, the police officer is required to give the driver certain
written and oral warnings before requesting the driver to submit to the taking
of a specimen.  DPS-2 establishes that
the police officer gave warnings to Phillips concerning the  consequences of a failure to submit to the
taking of a specimen.








In this case, the trial court  reversed the ALJ as a result of the
conclusion that Athere
was no evidence that [Phillips] was given a complete warning.@  The issue is whether substantial evidence supported the ALJ=s administrative
decision.  We find that the DPS=s exhibits at the
administrative hearing  provided the ALJ
with a reasonable basis to make her findings. 
The police officer=s
sworn statement (DPS-1) establishes that (1) the officer had reasonable
suspicion or probable cause to stop or arrest Phillips, (2) probable cause
existed to believe that Phillips was operating his motor vehicle in a public
place while intoxicated, (3) Phillips was placed under arrest and was requested
to submit to the taking of a specimen, and (4) Phillips refused to submit to
the taking of a specimen on the request of the officer.  

The police officer gave the statutory warning
(DPS-2) to Phillips.  It is signed by
Phillips and the police officer. The statutory warning provides in part:

You
are under arrest for an offense arising out of acts alleged to have been committed
while you were operating a motor vehicle in a public place while intoxicated or
an offense under Section 106.041, Alcoholic Beverage Code.  You will be asked to give a specimen of your
breath and/or blood.  The specimen will
be analyzed to determine the alcohol concentration or the presence of a
controlled substance, drug, dangerous drug, or other substance in your body.

 

If
you refuse to give the specimen, that refusal may be admissible in a subsequent
prosecution.  Your license, permit, or
privilege to operate a motor vehicle will be suspended or denied for not less
than ninety (90) days if you are 21 years of age or older, or not less than one
hundred twenty (120) days if you are younger than 21 years of age, whether or
not you are prosecuted for this offense.

 

The statutory warning, also referred to as the
DIC-24, contains additional warning language concerning the effect of
submitting to the taking of a specimen when the analysis of the specimen shows
detectable amounts of alcohol in the system. 


The statutory warning given to Phillips
substantially complies with the warning requirements set forth in Section
724.015.  Courts have considered  whether the DIC-24 substantially complies
with the requirements set out in Section 724.015 and  have held that the DIC-24 does substantially comply with Section
724.015 .  See Moore v. State, 981
S.W.2d 701, 705-07 (Tex.App. - Houston [1st Dist.] 1998, pet=n ref=d); Shirley  v. Texas Department of Public Safety, 974
S.W.2d 321, 323-24 (Tex.App. - San Antonio 1998, no pet=n); Martin v. Department of Public Safety, 964
S.W.2d 772, 774-75 (Tex.App. - Austin 1998, no pet=n); Texas Department of Public Safety v.
Butler, 960 S.W.2d 375, 376-78 (Tex.App. - Houston [14th Dist.] 1998, no pet=n); Held v. State, 948
S.W.2d 45, 52 (Tex.App. - Houston [14th Dist.] 1997, pet=n ref=d).








The ALJ=s
ruling was supported by substantial evidence. 
The trial court=s
reversal of the ALJ was error.  We
reverse the judgment of the trial court, and we render judgment reinstating the
decision of the administrative law judge.

 

JIM R. WRIGHT

JUSTICE

 

August 15, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright, J., and McCall, J.