NUMBER
13-01-557-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

TEXAS DEPARTMENT OF 

PUBLIC
SAFETY,                                                                Appellant,

 

                                                   v.

 

CARLOS
CELEDON,                                                            Appellee.

 

                   On appeal from the County
Court at Law No. 2 

                                  of Hidalgo
County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellee, Carlos
Celedon, had his license suspended after refusing an intoxilyzer test while
under arrest for driving while intoxicated[1]
(ADWI@).  Appellee requested an administrative hearing
to contest the suspension, at which the administrative law judge (AALJ@) sustained the
suspension.  Appellee appealed the ALJ=s suspension to County
Court at Law No. 2 of Hidalgo County, where the court reversed the ALJ ruling
and reinstated appellee=s license.  The Texas Department of Public Safety (ADPS@) appealed the county
court=s ruling and contends
that the trial court erred in overruling the ALJ=s finding that there was reasonable suspicion to
stop appellee and probable cause for appellee=s arrest.  We
reverse the ruling of the county court and reinstate the judgment of the ALJ.

Celedon, appellee,
contends that this Court does not have jurisdiction because the notice of
appeal was not timely filed.  We
disagree.  Although without a timely
notice of appeal, nothing is properly before this Court, the notice of appeal
in this case was timely.  See Tex. R. App. P. 25.1.  An appeal is perfected when a written notice
of appeal is filed with the trial court clerk.  Id. 
Here, the notice of appeal, as sent to the county clerk, conforms to the
standards set forth in rule 9.2(b) of the Texas Rules of Appellate procedure.  Tex. R.
App. P. 9.2(b)(1).  Rule 9.2(b)(1)
provides:  

A document received
within ten days after the filing deadline is considered timely filed if:

(A) it was sent to the
proper clerk by United States Postal Service, first-class, express, registered
or certified mail;

(B) it was placed in an
envelope or wrapper properly addressed and stamped; and

(C)
it was deposited in the mail on or before the last day of filing.

 Id. 
Appellee only contends that the notice of appeal does not comply with
this rule because the notice of appeal was not sent to the proper address.  Moreover, the record indicates that all other
requirements have been met.








We conclude
that the notice was sent to the proper address.  Notice may be sufficient if it is apparent
that the address was valid and could be located by the postal office.  See Wright v. Wentzel, 749 S.W.2d 228, 232
(Tex. App.BHouston [1st Dist.]
1988, no writ); see also Zuyus v. No=Mis Communications, Inc., 930 S.W.2d 743, 747
(Tex. AppBCorpus Christi 1996, no
writ).  The notice of appeal envelope
bears a stamp indicating the address was Anot deliverable;@ however, the envelope=s address is identical
to the address used on other correspondence with the county clerk.  Although some courts have held that an
envelope exhibiting such a stamp indicates the address is improper, this case
is different in that the envelope=s address is valid.  See Barnes v. Frost Nat'l Bank, 840 S.W.2d
747, 750 (Tex. AppBSan Antonio 1992, no
writ) (distinguishing between Aunclaimed@ and Arefused@ mail); Transoceanic
Shipping Co., Inc. v. Gen. Universal Sys., Inc., 961 S.W.2d 418, 420 (Tex.
App.BHouston [1st Dist.]
1997, no writ) (explaining the effect of an envelope stamped Aundeliverable@).  In fact, the letter requesting inclusion of
the envelope into the clerk=s record was sent to the
county clerk at the identical address to which the notice of appeal was sent
and returned.  If the address was not
proper, the letter and envelope would not have been received by the clerk and
would not have been included in the record. 
Therefore, it is apparent that the address was valid and could be
located by the postal office.  See
Wright, 749 S.W.2d at 232. 
Moreover, the address of the county clerk to which the appeal was sent
is the same address on file with this Court. We conclude that the address was
proper.








The record indicates
that all other elements of the rule have been met; therefore, we conclude that
the notice of appeal was timely filed.[2]
 See Tex. R. App. P. 25.1; Tex.
R. App. P.
9.2(b)(1).  Thus, this Court has
jurisdiction.  

This Court conducts its
review of license suspension appeals under the substantial evidence standard.  See Tex.
Transp. Code Ann. ' 524.041 (Vernon 1999); Tex. Gov=t
Code Ann. ' 2001.174 (Vernon 1999);
Tex. Dep=t of Pub. Safety v.
Pucek,
22 S.W.3d 63, 67 (Tex. App.BCorpus Christi 2000, no
pet.); Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d 128, 130 (Tex.
1999).  A court applying the substantial
evidence standard of review may not substitute its judgment for that of the
ALJ.  Pucek, 22 S.W.3d at 67.  Courts must affirm administrative findings if
there is more than a scintilla of evidence to support them, even if the
preponderance of the evidence is against it.  Id. 
The issue is not whether the agency's decision was correct, but only
whether the record demonstrates some reasonable basis for the agency's action.  Id. 
Furthermore, any evidentiary ambiguities should be resolved in favor of
the administrative order with a finding of substantial evidence to support the
ALJ's decision. R.R. Comm=n v. Torch Operating Co., 912 S.W.2d 790, 792
(Tex. 1995); Tex. Dep=t. of Pub. Safety v.
Cuellar,
58 S.W.3d 781, 783 (Tex. App.BSan Antonio 2001, no
pet.).








On February 25, 2001, at
2:25 a.m., Officer Yolanda Flores of the McAllen Police Department was
dispatched to a parking lot accident. 
The officer=s sworn police report
indicates that Officer Flores identified Celedon as one of the drivers involved
in the accident.  Celedon immediately
told her upon arrival that he had just struck the other vehicle.  The report relates that Celedon had an odor
of an alcoholic beverage on his breath, slurred speech, unsteady balance, and
bloodshot eyes.  After recording the
information of the two vehicles in the accident, Officer Flores performed field
sobriety tests. Officer Flores=s report indicates that
Celedon did not pass the field sobriety tests, and was arrested for DWI.  Celedon was taken in for an intoxilyzer test
and during the intoxication interview, answered affirmatively that he had been
operating a motor vehicle.  Celedon then
refused to perform the intoxilyzer test. 
Because of the refusal, his driver=s license was suspended. 

An
administrative hearing was held contesting Celedon=s license
suspension.  At the ALJ hearing, Celedon
presented evidence in conflict with Officer Flores=s sworn
report.  Appellee contended that although
he had been drinking, he had not done so recently and did not have slurred
speech or unsteady balance.  In addition,
he argued that Officer Flores had dismissed him prior to performing field
sobriety tests and therefore had neither Anew@ reasonable
suspicion to stop nor probable cause to arrest him.  Moreover, he presented evidence from another
passenger in the car that he passed the field sobriety tests. 

Despite this
conflicting evidence, the ALJ sustained the actions of the DPS and upheld the
license suspension.  On appeal to the
county court, the ALJ=s ruling was
reversed and Celedon=s license
reinstated.  The DPS now appeals the
county court=s ruling,
contending that the court erred in reversing the decision of the ALJ. 








By two issues, DPS asserts
that the ALJ had sufficient evidence to support the officer=s reasonable suspicion
to stop Celedon and probable cause to arrest him for DWI.  First, if an officer has a reasonable basis
for suspecting a person has committed an offense, the officer may legally
initiate the traffic stop.  McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993).  Under reasonable suspicion, the State is not
required to show an offense was actually committed, but only that there was a
reasonable belief by the officer that a violation was in progress.  Valencia v. State, 820 S.W.2d 397, 400
(Tex. App.BHouston [14th
Dist.] 1991, pet. ref=d).  Secondly, Aprobable cause exists where the police
have reasonably trustworthy information sufficient to warrant a reasonable
person to believe a particular person has committed or is committing an
offense.@  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997); Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim.
App. 1991).  The considerations for
probable cause concern the practical and factual considerations of reasonable
people in everyday life.  Guzman,
955 S.W.2d at 87.  Probable cause
requires more than reasonable suspicion, but far less evidence than needed to
support a conviction by a preponderance of the evidence.  Id.








After reviewing the
record, we conclude that substantial evidence supports the ALJ=s reasonable suspicion
and probable cause determinations.  The
evidence indicates that Celedon had been operating a motor vehicle and his
behavior was indicative of being under the influence.  Moreover, the instant case parallels a
previous case before this Court.  In DPS
v. Pucek, the officer=s sworn police report
was admitted into evidence indicating that Pucek admitted that he had been
driving a motor vehicle when it struck a barbed wire fence, a barn, a flatbed
trailer and a tractor.  Pucek, 22 S.W.3d
at 67.  The report also showed
Pucek had a strong odor of alcohol, slurred speech and appeared to be unsteady.
 Id. at 68.  He also did not perform well on the field
sobriety tests.  Id.  Thus, this Court found there was reasonable
suspicion to stop and probable cause to arrest Pucek for a DWI.  Id.

The facts in this case
are remarkably similar.  Just as in Pucek,
the ALJ admitted into evidence the officer=s sworn police
report.  Officer Flores=s report indicates that
Celedon was driving when his vehicle struck Mr. Villialon=s vehicle in the parking
lot.  The report indicates that Celedon
exhibited evidence of intoxication and that Celedon did not successfully
complete the field sobriety tests. 
Therefore, just as in Pucek, there was reasonable suspicion to
stop and probable cause to arrest Celedon.  See id at 68.

At most, Celedon has
only presented conflicting evidence as to whether the stop or the arrest should
have been made.  However, in the face of
conflicting evidence, it is the ALJ=s job to decide the
credibility of the evidence.  Cuellar,
58 S.W.3d at 783.  Apparently, the ALJ
did so and discounted the testimony by those witnesses brought forth by
Celedon.  See id.  The county court cannot substitute its
judgment for that of the ALJ.  Pucek, 22 S.W.3d at
67.  Moreover, in looking at the evidence in the
light most favorable to the ALJ=s findings, there is
more than sufficient evidence to support the ALJ=s determinations of reasonable suspicion and
probable cause.  Cuellar, 58
S.W.3d at 783.  Thus, on the basis of the
police report, there is sufficient evidence to support a reasonable
interpretation consistent with the ALJ=s findings.  See id.

We reverse the judgment
of the county court and reinstate the ruling of the ALJ.

 

 

 








                                                                                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

29th
day of August, 2002.

 











[1] See Tex.
Pen. Code Ann.
' 49.04 (Vernon Supp. 2002).





[2] In addition, the
correspondence of this Court reveals that the notice of appeal was also
properly filed with this Court under rule 25.1 within the time line set forth
in rule 9.2(b). Tex. R. App. P.
25.1; Tex. R. App. P. 9.2(b)(1). 
Rule 25.1 states Aif notice of appeal is
mistakenly filed with the appellate court, the notice is deemed to have been
filed the same day with the trial court clerk. . . .@  Tex.
R. App. P. 25.1. The record reflects that the notice of appeal was
mailed to this Court prior to the last day of filing and was received within
ten days from the last day of filing. Tex.
R. App. P. 9.2(b)(1).