NUMBER
13-02-293-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
 CHRISTI - EDINBURG

___________________________________________________________________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY,                             Appellant,

 

                                                   v.

 

JOSE JESUS HERNANDEZ,
JR.,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 1 

                                  of
Hidalgo
 County, Texas.

__________________________________________________________________

 

                          MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Castillo

                                Opinion
by Justice Rodriguez



 








Appellant, Texas Department of Public Safety (DPS), brings this
appeal following the trial court=s order
reversing the administrative law judge=s (ALJ) suspension
of the drivers license of appellee, Jose Jesus Hernandez, Jr.  By one issue, DPS contends the trial court
erred in finding there was not a reasonable basis for the ALJ=s decision
authorizing the suspension of Hernandez=s driving
privileges.  We reverse and render.

I. Facts

As
this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here.  Tex. R. App. P. 47.4.  

II. Standard of Review

Review of an ALJ=s suspension of
driving privileges is made under a substantial evidence standard.  See Tex.
Gov=t Code Ann. ' 2001.174
(Vernon 2000); Mireles v. Tex. Dep=t of Pub.
Safety,
9 S.W.3d 128, 131 (Tex. 1999); Tex. Dep=t of Pub.
Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.BCorpus Christi
2002, pet. denied).  Under a substantial
evidence review, the reviewing court cannot substitute its judgment for that of
the ALJ and must affirm the ALJ=s decision if
it is supported by more than a scintilla of evidence.  Mireles, 9 S.W.3d at 131; Struve,
79 S.W.3d at 800.  Thus, the issue
for the reviewing court is not whether the ALJ made a correct decision, but
rather whether there is some reasonable basis in the record for the action
taken by the ALJ.  Mireles, 9
S.W.3d at 131; Struve, 79 S.W.3d at 800.  We have noted that the burden for overturning
an agency ruling is formidable.  Tex. Dep=t of Pub.
Safety v. Pucek, 22 S.W.3d 63, 67 (Tex. App.BCorpus Christi
2000, no pet.).  Thus, an administrative
decision may be sustained even if the evidence preponderates against it.  Mireles, 9 S.W.3d at 130; Pucek,
22 S.W.3d at 67.  

III. Analysis








By its sole issue, DPS argues there was a reasonable basis for
the ALJ=s decision
authorizing the suspension of Hernandez=s license.  We agree.

Section 724.042 of the Texas Transportation Code provides that
the issues to be considered at an administrative hearing are whether: 

(1) reasonable
suspicion or probable cause existed to stop or arrest the person;

 

(2) probable
cause existed to believe that the person was:

 

(A) operating a
motor vehicle in a public place while intoxicated . . .

 

(3) the person
was placed under arrest by the officer and was requested to submit to the
taking of a specimen; and 

 

(4) the person
refused to submit to the taking of a specimen on request of the officer.

 

Tex. Transp. Code Ann. ' 724.042 (Vernon Supp.
2003).  If the ALJ finds in the
affirmative on each issue, the license suspension is sustained.  See id. ' 724.043 (Vernon Supp.
2003).  If the ALJ does not find each
issue in the affirmative, the person=s license is
not suspended.  Id.    








In this instance, there was evidence to support an affirmative
finding by the ALJ for each issue.  The
officers had reasonable suspicion or probable cause to stop Hernandez because
he was sleeping inside his vehicle in the middle of an expressway at 3
 a.m.  See id. ' 724.042(1); see
also Chapnick v. State, 25 S.W.3d 875, 877 (Tex. App.BHouston [14th
Dist.] 2000, pet. ref=d)
(investigatory stop requires only reasonable suspicion and validity of stop is
determined by totality of circumstances). 
Moreover, probable cause existed that Hernandez had been operating a
motor vehicle in a public place while intoxicated because the arresting officer
found Hernandez asleep behind the wheel in his vehicle, and Hernandez had red,
bloodshot eyes, slurred speech, an odor of alcohol, and unsteady balance.  See Tex.
Transp. Code Ann. ' 724.042(2)(A);
see also State v. Garrett, 22 S.W.3d 650, 654 (Tex. App.BAustin 2000, no
pet.) (odor of alcohol, watery eyes, and unsteadiness are signs of impairment);
Chilman v. State, 22 S.W.3d 50, 56 (Tex. App.BHouston [14th
Dist.] 2000, pet. ref=d) (probable
cause existed even when an arresting officer did not see the accused operating
a motor vehicle).  Also, Hernandez was
placed under arrest and was asked to provide a breath specimen which he
refused.  See Tex. Transp. Code
Ann. ' 724.042(3)-(4).

 We conclude
that the decision by the ALJ to suspend Hernandez=s license was supported by more than a
scintilla of evidence, and there was some reasonable basis in the record for
the action taken by the ALJ.[1]  See Mireles, 9 S.W.3d at 131; Struve,
79 S.W.3d at 800.  Appellant=s sole issue is
sustained.

IV. Conclusion

Accordingly, we reverse the order of the trial court and render
judgment upholding the administrative law judge=s decision authorizing the suspension of
Hernandez=s license.

 

NELDA
V. RODRIGUEZ

Justice








Opinion delivered and
filed

this 24th day of July,
2003.                         











[1]We
acknowledge the arresting officers did not administer field sobriety tests, and
there is no explanation in the record why Hernandez was not given the
opportunity to perform any of the tests. 
However, as shown above,  we have
concluded there is more than a scintilla of evidence to support the ALJ=s
decision.