Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00201-CV 

                                                    __________

 

                               LOREN JAMES GAULT, JR., Appellant

 

                                                             V.

 

                   TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellee

 



 

                                               On
Appeal from the County Court

 

                                                      Palo
Pinto County, Texas

 

                                                     Trial
Court Cause No. 5296

 



 

                                              M
E M O R A N D U M   O P I N I O N          

 

Loren
James Gault, Jr. appeals from the judgment affirming an order issued by the
State Office of Administrative Hearings suspending his driver=s license for 180 days
pursuant to Tex. Transp. Code Ann.
' 724.035 (Vernon
Supp. 2007).  We affirm.








Appellant
argues in his sole issue on appeal that there was no probable cause for his
arrest for driving while intoxicated.  We review administrative license
suspension decisions under a substantial evidence standard.   Mireles v.
Tex. Dep=t
of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999);  Tex. Dep=t of Pub. Safety v.
Pucek, 22 S.W.3d 63, 67 (Tex. App.CCorpus
Christi 2000, no pet.).  Under this standard, the administrative decision may
not be reversed unless it prejudices the substantial rights of an appellant
because the administrative findings, inferences, conclusions, or decisions are:

(A)
in violation of a constitutional or statutory provision;

(B)
in excess of the agency=s
statutory authority;

(C)
made through unlawful procedure;

(D)
affected by other error of law;

(E)
not reasonably supported by substantial evidence considering the reliable and
probative evidence in the record as a whole; or

(F)
arbitrary or capricious or characterized by abuse of discretion or clearly
unwarranted exercise of discretion.  

 

Tex. Gov=t Code
Ann. '
2001.174(2) (Vernon 2000).

We
cannot substitute our judgment for that of the administrative agency and must
affirm the administrative decision if it is supported by more than a scintilla
of evidence.   Mireles, 9 S.W.3d at 131.  The issue is not whether the
administrative agency made a correct decision, but only whether the record
demonstrates some reasonable basis for the agency=s
action.  Id.  An administrative decision may be sustained even if the
evidence preponderates against it.  Id.

The
record shows that on December 17, 2005,  David L. Modgling, a Texas Parks and
Wildlife Game Warden, was working at a roadblock stopping cars to caution
drivers that there had been a gas explosion.  In his report, Officer Modgling
stated that appellant pulled to the shoulder of the road and drove past the
roadblock.  Appellant finally stopped about 150 to 200 yards past the
roadblock.  When appellant approached Officer Modgling on foot, Officer
Modgling noticed a strong odor of an alcoholic beverage and that appellant had
bloodshot eyes.  Appellant  stated that he had had a beer with his meal two
hours earlier.  Officer Modgling instructed appellant to blow into an
intoximeter, but appellant refused because Officer Modgling had been Arude.@  Appellant refused to
perform any field sobriety tests.  Officer Modgling stated that appellant was Aextremely argumentative.@  Appellant was placed
under arrest.  At the Palo Pinto County Jail, appellant again refused to
provide a breath sample.  Appellant did not perform satisfactorily on field
sobriety tests and was charged with driving while intoxicated.








Appellant
argues that the Acounty
court erred in finding that there was substantial evidence to show sufficient
probable cause for the officer to arrest appellant for driving while
intoxicated.@  The
record shows that appellant drove past a roadblock, that he had a strong
alcoholic odor, that he had bloodshot eyes, that he admitted drinking an
alcoholic beverage, that he was extremely argumentative, and that he refused to
take field sobriety tests.  The totality of the circumstances is substantial
evidence of probable cause for appellant=s
arrest for driving while intoxicated.  Tex. Dep=t. of Pub. Safety v.
Nielsen, 102 S.W.3d 313, 317 (Tex. App.CBeaumont
2003, no pet.).  Appellant=s
sole issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 24, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.