TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Frank J. SCANIO, IIII, Appellee.

No. 13–02–678–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Dec. 22, 2004.

Rehearing Overruled Jan. 20, 2005.

Elvis G. Schulze, ALR Appeals, Kevin Michael Givens, Supervising Atty., ALR Appeals, Austin, for Appellant.

Robert L. Ramey, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Texas Department of Public Safety (DPS), brings this appeal following the county court's order reversing the administrative law judge's (ALJ) suspension of appellee's, Frank J. Scanio, III, driving license. In two issues, appellant asserts the county court erred by: (1) "assuming subject matter jurisdiction and denying appellant's motion to transfer the case to district court;" and (2) "reversing the ALJ's finding that DPS had proven the elements of its case." We reverse and render judgment upholding the ALJ's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal of an administrative license suspension under the Administrative Procedure Act based on appellee's refusal to submit a breath specimen for an alcohol concentration test. An administrative hearing was held, and the ALJ found sufficient evidence to sustain the suspen-

sion. An order evidencing the ALJ's findings was entered on February 28, 2002.

Appellee properly filed an appeal of the ALJ's order with the Refugio County Court. Appellant filed an answer in the appeal on April 1, 2002, and a motion to transfer venue on October 29, 2002. The county court denied appellant's motion to transfer venue to the district court on October 31, 2002, and reversed the ALJ's order suspending appellee's driving license by order dated November 4, 2002. Appellant filed its notice of appeal on November 27, 2002.

## II. ANALYSIS

### 1. Motion to Transfer Venue

█ In its first issue, appellant asserts the county court erred by assuming subject matter jurisdiction and denying its motion to transfer the case to the district court. To support its proposition, appellant cites section 524.041(b) of the transportation code, which provides:

> [a] petition under Subsection (a) must be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court. If the county judge is not a licensed attorney, the county judge **shall** transfer the case to a district court for the county on the motion of either party or of the judge.

*See* TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 2004) (emphasis added).

█ The county court concluded appellant waived its right to have the case transferred when it filed an answer prior to its motion to transfer venue.[1] Appellant does not dispute it filed an answer prior to its motion to transfer venue, but contends the issue is jurisdiction rather than venue.[2] Appellant asserts section 524.041(b) operates to divest the county court's jurisdiction when the county judge is not a licensed lawyer and a party makes a motion. Thus, as the issue is lack of subject matter jurisdiction, it can be raised at any time. We disagree.

### Standard of Review

Appellant's first issue presents a question of statutory interpretation. The Court reviews questions of statutory interpretation *de novo*. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994).

### Analysis

█ The right to an appeal in a license suspension proceeding does not exist in the absence of statutory authority since the entitlement to a driver's license is not a right, but a privilege. *Tex. Dep't of Pub. Safety v. Benoit*, 994 S.W.2d 212, 214 (Tex. App.-Corpus Christi 1999, pet. denied). When a statute creates a privilege or right not existing at common law and prescribes a remedy to enforce the right, the courts may act only in the manner provided in the statute which created the right. *Bullock v. Amoco Prod. Co.*, 608 S.W.2d 899, 901 (Tex.1980). Further, when a statute confers jurisdiction on a particular court, it has conferred exclusive jurisdiction. *Wichita County Tex. v. Hart*, 917 S.W.2d 779, 782 (Tex.1996).

---

1. A motion to transfer venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance. *See* TEX.R. CIV. P. 86(1); *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 618 (Tex.App.-Corpus Christi 1993, writ denied).

2. Appellant contends that although the pleading was styled "Motion to Transfer Venue," in substance it was a plea to jurisdiction.

■ Section 524.041(b) provides that "[a] petition under Subsection (a) must be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court." TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 2004). Thus, the county court does not have jurisdiction to hear the case if the county has a county court at law; the county court at law's jurisdiction is exclusive. *See Hart,* 917 S.W.2d at 782. When the county court is conferred with jurisdiction, section 524.041(b) provides that "if the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on the motion of either party or of the judge." TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 2004). Thus, jurisdiction is proper in either the county court or the district court upon motion of a party or the court's own initiative.[3] *See id.; see also Hart,* 917 S.W.2d at 782. Therefore, the preference to maintain the action in the county court or district court is a question of venue. *See Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260 (Tex.1994) (venue selection presupposes that the parties to the lawsuit have choices and preferences about where their case will be tried and that the courts have jurisdiction).

An objection to venue is made through filing a motion to transfer venue. *See* TEX.R. CIV. P. 86(1); *Hart,* 917 S.W.2d at 781. A motion to transfer venue is subject to the due-order-of-pleadings and must be filed before or concurrently with any other plea, pleading, or motion except a special appearance. *See* TEX.R. CIV. P. 86(1); *First Heights Bank, FSB v. Gutierrez,* 852 S.W.2d 596, 618 (Tex.App.-Corpus Christi 1993, writ denied). Appellant filed an answer prior to its motion to transfer venue; therefore, its motion to transfer venue was overruled by operation of law. *Id.* Accordingly, we conclude the county court correctly construed the statute and overrule appellant's first issue.

## 2. ALJ's Findings

■ In its second issue, appellant contends the county court erred by reversing the ALJ's finding that it had proven the elements of its case. Appellant asserts there was a reasonable basis for the ALJ's decision authorizing the suspension of appellee's license. We agree.

### Standard of Review

■ Review of an ALJ's suspension of driving privileges is made under a substantial-evidence standard. *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999); *Tex. Dep't of Pub. Safety v. Struve,* 79 S.W.3d 796, 800 (Tex.App.-Corpus Christi 2002, pet. denied). Under a substantial-evidence review, the reviewing court cannot substitute its judgment for that of the ALJ and must affirm the ALJ's decision if it is supported by more than a scintilla of evidence. *Mireles,* 9 S.W.3d at 131. Thus, the issue for the reviewing court is not whether the ALJ made a correct decision, but rather whether there is some reasonable basis in the record for the action taken by the ALJ. *Id.* We have noted that the burden for overturning an agency ruling is formidable. *Tex. Dep't of Pub. Safety v. Pucek,* 22 S.W.3d 63, 67 (Tex.App.-Corpus Christi 2000, no pet.). Thus, an administrative decision may be sustained even if the evidence preponderates against it. *Mireles,* 9 S.W.3d at 130.

**3.** We note that a party must first file the action in the county court; however, upon filing, the party immediately has the right to have the matter transferred to the district court. *See* TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 2004).

*Section 724.042*

Section 724.042 of the Texas Transportation Code provides that the issues to be considered at an administrative hearing are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

    (A) operating a motor vehicle in a public place while intoxicated . . . ;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANSP. CODE ANN. § 724.042 (Vernon 2004). If the ALJ finds in the affirmative on each issue, the license suspension is sustained. *See id.*

*Analysis*

■■■■■ Probable cause existed to stop appellee: he failed to signal a lane change and was speeding. *See Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992) (a traffic violation constitutes probable cause to stop). Probable cause existed to believe appellee was operating a motor vehicle in a public place while intoxicated.

Trooper Ireana Longoria testified that when she stopped appellee on U.S. 77 in Refugio County, she noticed appellee had a strong odor of an alcoholic beverage, bloodshot eyes, a red and relaxed face, and slightly slurred speech. *See State v. Garrett,* 22 S.W.3d 650, 654 (Tex.App.-Austin 2000, no pet.) (odor of alcohol, watery eyes, and unsteadiness are signs of intoxication). Trooper Longoria administered field sobriety tests, concluded appellee was intoxicated, and placed appellee under arrest. At the station, appellee refused to provide a breath specimen and signed a document entitled Statutory Warning [4] evidencing his refusal.[5]

We conclude that the decision by the ALJ to suspend appellee's license was supported by more than a scintilla of evidence, and there was some reasonable basis in the record for the action taken by the ALJ. *See Mireles,* 9 S.W.3d at 131. Accordingly, we sustain appellant's second issue.

**III. CONCLUSION**

We conclude the county court properly determined the complained-of portion of section 524.041(b) of the transportation code is subject to the due-order-of-pleadings, but conclude the county court committed reversible error when it overruled the ALJ's decision. Accordingly, we re-

---

**4.** In a cross-point, appellee asserts the "statutory warning was inadequate because it failed to inform him of the impact on his commercial driver's license," citing *Tex. Dep't of Pub. Safety v. Thomas,* 985 S.W.2d 567 (Tex.App.-Waco 1998, no pet.). However, *Thomas* was decided prior to the adoption of section 522.103 of the transportation code. *See* TEX. TRANSP. CODE ANN § 522.103 (Vernon 2004) (effective September 1, 2001). Section 522.103 requires a statutory warning regarding the effect a refusal will have on a commercial drivers license **only** when the defendant is stopped driving a commercial vehicle. *See* TEX. TRANSP. CODE ANN § 522.102(c) (Vernon 2004) (emphasis added). Appellee was

stopped driving his personal vehicle, and thus, a warning regarding his commercial license is not required. *See id.* We overrule appellee's cross-point.

**5.** In a cross-point, appellee asserts that his refusal to provide a breath specimen should not be construed as a refusal for purposes of section 724.042(4), as he would have provided a blood sample. This argument is without merit as appellee signed the Statutory Warning outlining the effect refusing to provide the breath sample would have. We overrule appellee's cross-point.

verse the ruling of the county court and enter judgment upholding the ALJ's decision.