NUMBER
13-03-458-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

TEXAS DEPARTMENT
OF PUBLIC SAFTEY,                                Appellant,

                                                             v.

CHRISTINA DIJKMAN,                                                                      Appellee.

 

 

                On appeal from the County Court at
Law No. 2

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

  








The Texas Department of Public Safety (Athe Department@) appeals from the decision of the county court at
law, which reversed the decision of the administrative law judge (AALJ@) suspending the driver=s license of appellee, Christina Dijkman.  Because we conclude there was a reasonable
basis for the ALJ=s decision to suspend Dijkman=s license based on the statutory requirements for
such suspension, we reverse and render.  

Background

On January 9, 2003, around 3:00 a.m., Dijkman was
stopped by a McAllen police officer for speeding.  The officer detected a strong odor of alcohol
and observed that Dijkman had bloodshot eyes and was slurring her speech.  Dijkman was given field sobriety tests, which
she failed, and was placed under arrest. 
Dijkman was asked to provide a breath specimen which, according to the
report of the arresting officer, she refused. 

After Dijkman=s license was suspended by the Department, she
requested an administrative hearing. 
Before the ALJ, Dijkman testified that she had no memory of taking any
field sobriety tests and, furthermore, that she had not refused to give a
breath specimen but had only insisted upon having her lawyer present before she
would submit to the breathalyzer.  The
ALJ concluded that the evidence indicated that Dijkman had been driving while
intoxicated and that the Department was authorized to suspend her driver=s license for 180 days.








Dijkman appealed the ALJ decision to the County
Court at Law No. 2 of Hidalgo County. 
She complained on appeal that she had not received discovery prior to
the hearing, that her constitutional rights were violated because she was not
allowed to speak to her attorney at the time of her arrest, and that after the Miranda
warnings were given upon her arrest, she should not have been asked to provide
a breath specimen.  Without stating any
reason, the county court at law reversed the ALJ decision.  It is from this reversal that the Department
now appeals, arguing that the county court at law erred (1) by impliedly
holding that discovery rules had been violated by the Department, (2) by
holding that the officer=s refusal to provide counsel after giving Miranda
warnings excused Dijkman from the consequences of refusing to provide a breath
specimen, and (3) by reversing the ALJ=s finding that the Department had proven the
elements of its case.

Standard of Review

Review of an ALJ's suspension of driving privileges
is made under a substantial‑evidence standard.  Mireles v. Tex. Dep't of Pub. Safety,
9 S.W.3d 128, 131 (Tex. 1999); Tex. Dep=t
of Pub. Safety v. Jackson, 76
S.W.3d 103, 106 (Tex. App.BHouston [14th Dist.] 2002, no pet.).  Under a substantial‑evidence review,
the reviewing court cannot substitute its judgment for that of the ALJ and must
affirm the ALJ's decision if it is supported by more than a scintilla of
evidence.  Mireles, 9 S.W.3d at
131.  The issue for the reviewing court
is not whether the ALJ made a correct decision, but rather whether there is
some reasonable basis in the record for the action taken by the ALJ.  Id. 
This Court will review the lower court=s
judgment regarding the ALJ decision de novo. 
See Tex. Dep=t of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.BCorpus Christi 2002, pet. denied).  The burden for overturning an agency ruling
is formidable.  Tex. Dep't of Pub.
Safety v. Scanio, 159 S.W.3d 712, 715 (Tex. App.BCorpus Christi 2004, pet. denied).  Thus, an administrative decision may be
sustained even if the evidence preponderates against it.   Mireles, 9 S.W.3d at 130. 

License Suspension








We first address the Department=s second and third issues on appeal, as we find them
to be dispositive of the case.[1]   See
Tex. R. App. R. 47.1.   The
license suspension statute, section 724.042 of the Texas Transportation Code,
serves the remedial purpose of protecting public safety by quickly removing
drunk drivers from the road.  See Tex. Transp. Code Ann. ' 724.042 (Vernon 2004); Mireles, 9 S.W.3d at
130.  Section 724.042 provides that the
issues to be considered at an administrative hearing involving the suspension
of a driver=s license are the following:  (1) Did reasonable suspicion or probable
cause exist to stop or arrest the person? 
(2) Did probable cause exist to believe that the person was operating a
motor vehicle in a public place while intoxicated?  (3) Was the person placed under arrest by the
officer and asked to submit to the taking of a specimen? and (4) Did the person
refuse to submit to the taking of a specimen on request of the officer?  See Tex.
Transp. Code Ann. ' 724.042.  If
the ALJ finds in the affirmative on each issue, the license suspension is
sustained.  See id.; Scanio,
159 S.W.3d at 716.

At the hearing before the ALJ, the Department
presented the arresting officer=s report which clearly stated that Dijkman had been
traveling at unsafe speeds and exhibited signs of intoxication.  The report also included a document entitled AStatutory Warning,@ a
copy of which had been given to Dijkman upon her arrest, warning:

You are under arrest for a [DWI] offense. . . .  You will be asked to give a specimen of your
breath and/or blood. . . If you refuse to give the specimen, that refusal may
be admissible in a subsequent prosecution. 
Your license . . . will be suspended or denied for not less than 180
days, whether or not you are subsequently prosecuted for this offense.

 








The statutory warning also noted that ASubject [Dijkman] refused to allow the taking of a
specimen and further refused to sign below as requested by this officer.@  

Given this evidence, the record of the ALJ hearing
demonstrated a reasonable basis for the agency's action and thus, the decision
of the ALJ should have been affirmed. 
There was evidence that (1) reasonable suspicion or probable cause
existed to stop Dijkman, as she was observed committing a traffic offense, (2)
probable cause existed to believe that she was operating a motor vehicle in a
public place while intoxicated, given her bloodshot eyes, slurred speech and
the odor of alcoholic beverages, (3) she was placed under arrest by the officer
and was requested to submit to the taking of a breath specimen, and (4) she
refused to submit to the breathalyzer test.  See Tex.
Transp. Code Ann. ' 724.042.   








Dijkman did not contest the first three elements of
the statutory test.  However, she argued
before the county court at law that the police officer erroneously concluded
that she had refused to provide a breath specimen when she insisted on first
contacting her attorney.  However,
repeated insistence on speaking with an attorney without acquiescing to a
police officer=s request for a breath analysis can be construed as
a refusal to take the test.  See
Griffith v. State, 55 S.W.3d 598, 607 (Tex. Crim. App. 2001).  This implied refusal to take the test may
then be admitted into evidence without offending the rights against
self-incrimination.  See id. at
603.  In other words, when Dijkman
refused to take the breath test, her reason for refusing was based upon a right
she did not possess:  the right to
consult with counsel.  Jamail v. State,
787 S.W.2d 381, 382 (Tex. Crim. App. 1990); overruled in part on other
grounds, Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991).   Therefore, it would have been error for the
county court at law to conclude that the police officer should not have
requested a breath sample once Dijkman requested counsel.  Dijkman=s refusal to provide a sample without counsel was
allowably construed as a simple refusal to take the test, thus satisfying the
fourth element of the statutory requirements for license suspension.  See Tex.
Transp. Code Ann. ' 724.042.

We conclude that the county court at law erred in
reversing the findings of the administrative law judge.  The judgment of the county court at law is
reversed, and we affirm the administrative decision to suspend Dijkman=s license.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum Opinion delivered and filed

this 4th day of August, 2005.











[1]By it=s first issue, the Department
argues about discovery that it asserts the county court at law may have
impliedly relied upon in reversing the ALJ decision.  However, as we find that Dijkman waived her
ability to argue about discovery issues on appeal by not raising them prior to
the hearing, we decline to address these issues further here.  See Tex.
R. App. P. 33.1; Tex. Dep't of Pub. Safety v. Doyle, 987 S.W.2d
897, 900 (Tex. App.BFort Worth 1998, no pet.).