NUMBER 13-05-775-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


MOHANDRA PATEL, Appellee.

 


On appeal from the County Court at Law No. 1, 


Calhoun County, Texas.

 


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Castillo 

Memorandum Opinion by Chief Justice Valdez


 The Texas Department of Public Safety ("the department") appeals a county court
at law's judgment reinstating Mohandra Patel's suspended driver's license. Following a
hearing by the State Office of Administrative Hearings, an Administrative Law Judge (ALJ)
upheld the suspension of Patel's driver's license for failing to submit to a breathalyzer test. 
Patel appealed the ALJ's suspension of his license to a county court at law, which reversed
the ALJ's decision and reinstated Patel's driver's license. 

 The department raises two issues on appeal. It asks this Court to determine
whether the county court at law erred (1) in substituting its judgment for that of the ALJ in
determining that Patel's testimony was more credible than the sworn statements of the
arresting officer; and (2) by reversing the ALJ decision, because the initial decision was
supported by substantial evidence. Although Patel did not file a notice of appeal, he raises
two reply-points; he claims that (1) this Court is without jurisdiction to hear the instant
appeal because the department is attempting to appeal an issue of fact and not of law; and
(2) because the uncontested evidence shows the arresting trooper failed to follow the
statutory warning, Patel cannot be held responsible for refusing the breath test.

 We reverse the county court at law's judgment and reinstate the ALJ's decision.

I. BACKGROUND

A. The Arrest

 According to a police report filed by the arresting state trooper, he stopped Patel
because Patel's vehicle changed lanes without signaling and its license plate was not
illuminated. After stopping the vehicle and contacting Patel, the trooper noticed Patel's
movements were slow, his speech was slurred, his eyes were glassy and bloodshot, and
his breath smelled of alcohol. The trooper asked Patel to perform three standardized field
sobriety tests (horizontal gaze nystagmus, walk and turn, and one leg stand). During the
horizontal gaze nystagmus test, Patel's eyes could not smoothly track the trooper's finger
left-to-right and exhibited signs of nystagmus prior to forty-five degrees. Patel failed to
walk heel-to-toe and walked off the line during the walk-and-turn test. During the one-leg-stand test, Patel swayed, used his arms to balance, and put his other foot down. In
addition to the field sobriety tests performed, the trooper also asked Patel to provide a
portable breath test sample, which Patel provided. He "blew" a 0.093 blood-alcohol
content. The trooper determined that Patel was intoxicated and subsequently arrested him
for driving while intoxicated. 

 At the Calhoun County jail, Patel was read his Miranda and DIC-24 statutory
warnings before being asked to provide a breath specimen for an intoxilyzer test. Patel
refused to provide a specimen. Patel claims that he refused to take the intoxilyzer test
while in custody because the trooper stated that if he hired an attorney, he did not have to
take the test.

B. The Administrative Hearing

 Patel requested and testified at an administrative hearing to review the statutory
suspension of his license. At the hearing, the ALJ weighed the officer's sworn report
against Patel's testimony. The trooper's report recited the basic facts of the behavior that
led to the stop, the field sobriety tests, and the arrest (described above), except that the
report did not include Patel's assertion that the trooper, after having read Patel his Miranda
and statutory warnings, stated that if Patel hired an attorney, he did not have to take the
breathalyzer test at the jail. At the administrative hearing, Patel made what we construe
as a motion to suppress his refusal to submit a breath specimen. He was asked by his
counsel, "Did [the trooper] [sic] ask you to provide a sample of your breath?" Patel
responded, "He asked me, but before he asked me he [told] me to hire an attorney. I told
him, Can I sign here? He told me that I can sign here, but if you hire an attorney you don't
have to sign this [statutory warning] form." Patel's counsel argued that it would be unfair
to hold Patel's refusal against him because he was acting on the advice of the arresting
trooper.

 The ALJ made four findings of fact and one conclusion of law. In her findings of
fact, the ALJ found that the trooper had (1) reasonable suspicion to stop Patel; (2) probable
cause to arrest him for drunk driving; and (3) properly advised Patel of his required
warnings before asking for a specimen. The ALJ also found that (4) Patel refused the
request to submit a specimen of breath. Based on her findings of facts, the ALJ made the
legal conclusion that Patel's license was subject to suspension for one-hundred eighty
days under Texas Transportation Code Section 724.035. See Tex. Trans. Code Ann. §
724.035 (Vernon 1999).

C. Review by the County Court at Law

 Patel appealed the ALJ's decision to a county court at law. The county court at law
reversed the ALJ's suspension after considering the evidence and arguments of counsel
and the transcript of the administrative proceeding. The county court at law's order does
not state a rationale for the reversal of the ALJ's decision.II. ANALYSIS

A. Standard of Review

 Review of an ALJ's suspension of driving privileges is made under a
substantial-evidence standard. Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d 128, 131
(Tex. 1999); Tex. Dep't of Pub. Safety v. Jackson, 76 S.W.3d 103, 106 (Tex.
App.-Houston [14th Dist.] 2002, no pet.). Under a substantial-evidence review, the
reviewing court cannot substitute its judgment for that of the ALJ and must affirm the ALJ's
decision if it is supported by more than a scintilla of evidence. Mireles, 9 S.W.3d at 131. 
The issue for the reviewing court is not whether the ALJ made a correct decision, but rather
whether there is some reasonable basis in the record for the action taken by the ALJ. Id.
This Court reviews the lower court's judgment regarding the ALJ decision de novo. See
Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.-Corpus Christi 2002,
pet. denied). The burden for overturning an agency ruling is formidable. Tex. Dep't of Pub.
Safety v. Scanio, 159 S.W.3d 712, 715 (Tex. App.-Corpus Christi 2004, pet. denied).
Thus, an administrative decision may be sustained even if the evidence preponderates
against it. Mireles, 9 S.W.3d at 130.

B. Patel's First Reply-Point: Appellate Jurisdiction

 Patel asserts that we are without jurisdiction to hear this appeal, as the issue is one
of fact, not law. However, an appellate court reviews a trial court's substantial evidence
review de novo. See Struve, 79 S.W.3d at 800. Patel's first reply-point is overruled.

C. DPS's Second Issue: Substantial Evidence Review

 The department's second issue is that the trial court erred by reversing the ALJ's
decision to suspend Patel's license because it was supported by substantial evidence. The
license suspension statute, section 724.042 of the Texas Transportation Code, serves the
remedial purpose of protecting public safety by quickly removing drunk drivers from the
road. See Tex. Trans. Code Ann. § 724.042 (Vernon 2004); Mireles, 9 S.W.3d at 130.
Section 724.042 provides that the issues to be considered at an administrative hearing
involving the suspension of a driver's license are: (1) did reasonable suspicion or probable
cause exist to stop or arrest the person? (2) did probable cause exist to believe that the
person was operating a motor vehicle in a public place while intoxicated? (3) was the
person placed under arrest by the officer and asked to submit to the taking of a specimen?
and (4) did the person refuse to submit to the taking of a specimen on request of the
officer? See Tex. Trans. Code Ann. § 724.042. If the ALJ finds in the affirmative on each
issue, the license suspension is sustained. See id.; Scanio, 159 S.W.3d at 716.

 At the administrative hearing, the department presented the arresting trooper's
report, which clearly stated that Patel's vehicle changed lanes without signaling and its
license plate was not illuminated. The trooper noted in his report that he thought Patel was
intoxicated because his movements were slow, his speech was slurred, his eyes were
glassy and bloodshot, and his breath smelled of alcohol. Patel preformed poorly on three
standard field sobriety tests, blew a 0.093 blood-alcohol content on a portable breath test,
and was placed under arrest. The report also included a document entitled "Statutory
Warning," a copy of which had been given to Patel upon his arrest, warning:

You are under arrest for a [DWI] offense. . . . You will be asked to give a
specimen of your breath and/or blood. . . If you refuse to give the specimen,
that refusal may be admissible in a subsequent prosecution. Your license .
. . will be suspended or denied for not less than 180 days, whether or not you
are subsequently prosecuted for this offense.


The statutory warning also noted that "Subject [Patel] refused to allow the taking of a
specimen and further refused to sign below as requested by this officer."

 Given this evidence, the record of the ALJ hearing demonstrates a reasonable basis
for the agency's action and thus, the decision of the ALJ should have been affirmed. The
record shows there was evidence that (1) reasonable suspicion or probable cause existed
to stop Patel, as he was observed changing lanes without a signal and driving with an
unilluminated license plate, (2) probable cause existed to believe that he was operating a
motor vehicle in a public place while intoxicated, given his bloodshot eyes, slurred speech,
and breath, (3) he was placed under arrest by the trooper and was requested to submit to
the taking of a breath specimen, and (4) he refused to submit a specimen. See Tex.
Trans. Code Ann. § 724.042. 

 Patel contests the fourth element. He claims that his refusal to submit a breath
specimen should not be considered because he was given extra-statutory warnings that
affected his consent to refuse the breath test. Patel contends that the arresting trooper
told him, after he had been given the required warnings, that if he hired an attorney he did
not have to provide a breath specimen. He argues that implied consent law applies to the
refusal to provide a breath or blood specimen just as it applies to consent to provide a
sample.

 Under the implied consent law, consent to the taking of a breath or blood specimen
must be voluntary. Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993). If a
driver's consent is induced by an officer's misstatement of the consequences flowing from
a refusal to give a specimen, the consent is not voluntary. Id. at 894 (holding that officer's
erroneous statement that Erdman would immediately be jailed and charged with driving
while intoxicated if he refused to give specimen rendered consent involuntary); State v.
Sells, 798 S.W.2d 865, 867 (Tex. App.-Austin 1990, no pet.) (holding that officer's
erroneous statement that Sells would automatically be charged and incarcerated if he
refused to give specimen rendered consent involuntary). 

 Assuming, without deciding, that implied consent law applies to the refusal to submit
a breath specimen, and that the ALJ implicitly denied Patel's motion to suppress, there is
no indication that the ALJ erred in its decision. Whether one voluntarily submits a breath
specimen is a question of fact. Hall v. State, 649 S.W.2d 627 (Tex. Crim. App. 1983). The
ALJ is the ultimate trier of fact. See Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). In
the instant case, the ALJ determined that Patel voluntarily refused based on her findings. 
As the sole trier of fact, she was free to believe or disbelieve Patel's contention that the
arresting trooper's extra-statutory warnings affected his decision to refuse to provide a
breath specimen. See id; see also Dept't of Pub. Safety v. Hirschman, 169 S.W.3d 331,
337 (Tex. App.-Waco 2005, pet. denied) (reversing county court at law because it
"improperly substituted its own judgment by re-weighing the evidence using the equally
plausible but opposite inferences construct"). 

 We conclude the trial court erred by reversing the ALJ's decision to suspend Patel's
license. We sustain the department's second issue.

III. CONCLUSION

 The judgment of the county court at law is reversed, and we affirm the administrative
decision to suspend Patel's license. Because of our disposition of the department's
second issue, we need not address the department's first issue and Patel's second cross-point. See Tex. R. App. P. 47.1. 

 ROGELIO VALDEZ

 Chief Justice



Memorandum Opinion delivered and filed 

this the 9th day of November, 2006.