NUMBER 13-06-00349-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


DAVID HUTCHESON, Appellee.

 

On appeal from the 130th District Court 

of Matagorda County, Texas.


 


DISSENTING OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Dissenting Opinion by Justice Vela
 I respectfully dissent. I believe that the Department need only have proved that it
satisfied the elements of section 724.042 of the Texas Transportation Code in order to
justify the denial of Hutcheson's driver's license. The majority's opinion would allow
anyone who refuses to give a blood sample pursuant to section 724.042, to raise, well after
the fact, an argument that conditions were unsanitary. This could be done without regard
to any proof that unsanitary conditions existed. This argument, taken to its logical
conclusion, invites any person arrested for driving while intoxicated, who refuses to give
a blood sample, to manufacture an "ex post facto" defense that conditions were not
sanitary at the time of arrest. Surely this was not the Legislature's intent. 

A. Standard of Review

 Review of an ALJ's suspension of driving privileges is made under a substantial-evidence standard. Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999);
Tex. Dep't of Pub. Safety v. Scanio, 159 S.W.3d 712, 715 (Tex. App.-Corpus Christi 2004,
pet. denied). Under a substantial evidence review, the reviewing court cannot substitute
its judgment for that of the ALJ's, and must affirm the ALJ's decision if it is supported by
more than a scintilla of evidence. Mireles, 9 S.W.3d at 131. The issue for the reviewing
court is not whether the ALJ made a correct decision, but rather whether there is some
reasonable basis in the record for the action taken by the ALJ. Mireles, 9 S.W.3d at 131. 
The burden for overturning an agency ruling is formidable. Scanio, 159 S.W.3d at 715. 
Thus, an administrative decision may be sustained even if the evidence preponderates
against it. Mireles, 9 S.W.3d at 131.

B. There was substantial evidence to sustain the suspension.

The district court erred in reversing the ALJ's decision to suspend Hutcheson's
driver's license. To uphold a license suspension, an ALJ must find that the DPS proved
by a preponderance of the evidence the elements set forth in section 724.042 of the Texas
Transportation Code. Tex. Dep't of Pub. Safety v. Jackson, 76 S.W.3d 103, 107 (Tex.
App.-Houston [14th Dist.] 2002, no pet.); See Tex. Trans. Code Ann. § 724.042 (Vernon
Supp. 2006). 

 Section 724.042 of the Texas Transportation Code provides that the issues to be
considered at an administrative hearing regarding license suspension are whether: 

 (1) reasonable suspicion or probable cause existed to stop or arrest the
person; 
(2) probable cause existed to believe that the person was: 
 (A) operating a motor vehicle in a public place while intoxicated . . .
; 

 (3) the person was placed under arrest by the officer and was requested to
submit to the taking of a specimen; and 
(4) the person refused to submit to the taking of a specimen on request of
the officer. Tex. Trans. Code Ann. § 724.042 (Vernon Supp. 2006). If the
ALJ finds in the affirmative on each issue, the license suspension is
sustained. Scanio, 159 S.W.3d at 716.

 In Scanio, this court upheld the suspension of a driver's license pursuant to section
724.042. Scanio, 159 S.W.3d at 716. The court found that all of the elements of section
724.042 were met under a substantial evidence review. Id. 

Similarly, in this case, the ALJ concluded that all of the elements of section 724.042
of the Transportation Code were proven by the DPS. First, the ALJ found that reasonable
suspicion or probable cause existed to stop or arrest Hutcheson. According to the incident
and crime report, Hutcheson was pulled over after Whitwell observed him drive through a
stop sign and then stop suddenly in the middle of the street. See Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992) (a traffic violation constitutes probable cause to
stop). 

The ALJ determined that probable cause existed to believe that Hutcheson was
operating a motor vehicle in a public place while intoxicated. The incident and crime report
indicated that upon exiting his motor vehicle, Hutcheson had trouble balancing and was
incapable or unwilling to perform the sobriety tests as requested by Officer Whitwell. See
Stagg v. Texas Dept. of Public Safety, 81 S.W.3d 441, 444 (Tex. App-Austin 2002, no
pet.) (physical condition and performance on field sobriety tests support finding of probable
cause of intoxication). 

The ALJ also determined that Hutcheson was placed under arrest by Officer
Whitwell and was requested to submit to the taking of a specimen. The record indicates
that Hutcheson was read the statutory warning as required by section 724.015 of the Texas
Transportation Code and was asked for a blood specimen. See Tex. Trans. Code Ann.
§ 724.015 (Vernon Supp. 2006). The ALJ further concluded that Hutcheson refused to
submit to the taking of a blood specimen as requested by Officer Whitwell. Hutcheson
signed the DIC-24 form refusing to allow his blood to be taken. Tex. Trans. Code Ann. §
724.042 (Vernon Supp. 2006). None of the facts in this case were contested by either
party. Therefore, the reviewing court should have affirmed the suspension as the ALJ's
decision was supported by more than a scintilla of the evidence. Mireles, 9 S.W.3d at 131. 

 As already established, the DPS needed only to fulfill the requirements as
expressed in section 724.042 to suspend Hutcheson's license. Accordingly, Officer
Whitwell did all that was necessary to comply with the requirements of section 724.042. 
As in Scanio, Hutcheson willingly signed the form acknowledging the fact that if he refused
to provide a blood specimen, he would have his license suspended for 180 days. Officer
Whitwell followed the statutory procedure by asking for the sample and upon refusal, giving
Hutcheson the refusal form to sign. Tex. Trans. Code Ann. § 724.015 (Vernon Supp.
2006); Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 800-801 (Tex. App.--Corpus
Christi 2002, pet. denied). 

C. § 724.017 does not justify refusal. 

 Hutcheson argues that the request for his blood sample was not valid and therefore
his license suspension cannot be upheld. Pursuant to section 2001.174 of the Texas
Government Code, a reviewing court "shall reverse or remand the case for further
proceedings if substantial rights of the appellant have been prejudiced because the
administrative findings, inferences, conclusions, or decisions are in violation of a
constitutional or statutory provision." Tex. Gov't Code Ann. § 2001.174(2)(A) (Vernon
2001). Hutcheson urges that section 724.017 of the Texas Transportation Code justifies
his refusal to submit to the taking of a blood specimen, therefore affording him an
affirmative defense. See Tex. Trans. Code Ann. 724.017 (Vernon 1999). I disagree.

 Section 724.017 requires that a blood specimen be taken by a "qualified technician"
under sanitary conditions. See Tex. Trans. Code Ann. 724.017 (Vernon 1999). 
Hutcheson argues that his refusal was justified because the DPS failed to provide a
"qualified technician" and sanitary conditions. Hutcheson has presented no evidence to
support this conclusion. To suspend a license the DPS must only meet the statutory
requirements of section 724.042. See Scanio, 159 S.W.3d at 716. DPS is not required
to prove that a qualified person and sanitary place were available at the time of the request
in order to suspend a driver's license for refusing to submit to a blood test. They are not
issues in a refusal case. Tex. Trans. Code Ann. § 724.042; See also Tex. Dep't of Pub.
Safety v. Cortinas, 996 S.W.2d 885, 890 (Tex. App.--Houston [14th Dist.] 1998, no pet.)
(addressing the issues that must be proven in a case under chapter 524 of the
Transportation Code). 

 Further, the statutory provision that Hutcheson relies upon does not create an
affirmative defense to suspension of his license. Rather, section 724.017 provides a
means for excluding illegally taken evidence. Hutcheson's argument becomes material
only when a prosecutor attempts to introduce the results of the test. See State v. Laird,
38 S.W.3d 707, 710 (Tex. App.--Austin 2000, pet. ref'd) (results of Laird's blood test were
inadmissible because his blood was not taken by a "qualified technician"). In this case,
Hutcheson refused to provide a specimen, making section 724.017 inapplicable.

 Hutcheson's argument concerning the reason for his refusal should be rejected
because it is not part of DPS's burden to prove the reason for his refusal. Further, the law
concerning refusals does not create an affirmative defense for the driver's refusal to
provide a specimen when requested by an officer. Thus, I believe there was substantial
evidence to support the administrative findings. Accordingly, I dissent. 

 

 

 ROSE VELA

 Justice


Dissenting Opinion delivered and 

filed this 29th day of August, 2007.