NO. 07-07-0364-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

PAUL DEAN HARRISON, APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-599,777; HONORABLE PAULA LANEHART, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Paul Dean Harrison appeals from the county courtâs order sustaining the
two-year suspension of his driverâs license. Through two points of error, appellant
contends there was insufficient evidence to support his license suspension and the court
abused its discretion in rejecting appellantâs testimony in favor of uncorroborated hearsay
evidence. We affirm.
Â 
Background
Â Â Â Â Â Â Â Â Â Â A Lubbock police officer responded to the scene of a two-car collision and spoke
with several people still at the scene. Each of the witnesses in the first car identified
appellant as the driver of the second car, which had rear-ended their vehicle. The officer
later determined appellant owned the second car.
Â Â Â Â Â Â Â Â Â Â The officer also spoke with appellant about the collision. Appellant denied he was
the driver of the second car, but the officer believed he was the driver and proceeded to
conduct field sobriety tests. At the conclusion of these tests, appellant was arrested for
DWI. Appellant refused to provide a breath specimen and as a result, his driverâs license
was suspended.
Â Â Â Â Â Â Â Â Â Â Appellant requested an administrative hearing to contest the suspension of his
license. Four exhibits were admitted without objection at the hearing.


 Appellant testified
that he was not the driver of the car. Another individual testified that he was the driver but
left the scene because several witnesses were âtrying to jump on usâ and he was driving
with a suspended license. At the conclusion of the administrative hearing, the
administrative law judge (âALJâ) sustained the two-year suspension of appellantâs license.
Â 
Â Â Â Â Â Â Â Â Â Â Appellant appealed the ALJâs decision to the County Court at Law No. 3 of Lubbock
County. The county court at law sustained the ALJâs decision. This appeal followed.
Analysis
Â Â Â Â Â Â Â Â Â Â Through two issues, appellant contends: (1) the county court at law improperly
affirmed the ALJâs holding because there was not a scintilla of credible evidence showing
appellant was driving the car; and (2) the county court at lawâs rejection of appellantâs
testimony in favor of uncorroborated hearsay evidence was an abuse of discretion. 
Standard of Review
Â Â Â Â Â Â Â Â Â Â Review of an ALJâs suspension of driving privileges is made under a substantial
evidence standard. Mireles v. Tex. Depât. of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999);
Tex. Health Facilities Comân v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex.
1984). âSubstantial evidenceâ means that, on the evidence as a whole, reasonable minds
could have reached the same conclusion as that of the administrative agency. Tex. Depât.
of Public Safety v. Bond, 955 S.W.2d 441, 445 (Tex.App.âFort Worth 1997, no pet.). 
Under a substantial evidence review, the reviewing court cannot substitute its judgment for
that of the ALJ and must affirm the ALJâs decision if it is supported by more than a scintilla
of evidence. Mireles, 9 S.W.3d at 131. The issue for the reviewing court is not whether the
ALJ made a correct decision, but rather whether there is some reasonable basis in the
record for the action taken by the ALJ. Id. An administrative decision may be sustained
even if the evidence preponderates against it. Mireles, 9 S.W.3d at 130. This Court will
review the lower courtâs judgment regarding the ALJâs decision de novo. Tex. Depât. of
Public Safety v. Struve, 79 S.W.3d 796, 800 (Tex.App.âCorpus Christi 2002, pet. denied).
Application
Â Â Â Â Â Â Â Â Â Â Section 724.042 of the Texas Transportation Code, the license suspension statute,
serves the remedial purpose of protecting public safety by quickly removing drunk drivers
from the road. Tex. Transp. Code Ann. Â§ 724.042 (Vernon 2004); Mireles, 9 S.W.3d at 130. 
As applicable here, section 724.042 provides that the issues to be considered at an
administrative hearing involving the suspension of a driverâs license are whether: (1)
reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable
cause existed to believe that the person was operating a motor vehicle in a public place
while intoxicated; (3) the person was placed under arrest by the officer and was requested
to submit to the taking of a specimen; and (4) the person refused to submit to the taking of
a specimen on request of the officer. Tex. Transp. Code Ann. Â§ 724.042. If the ALJ finds
in the affirmative on each issue, the license suspension is sustained. Id.; Tex. Depât. of
Public Safety v. Scanio, 159 S.W.3d 712, 716 (Tex.App.âCorpus Christi, 2004, pet. denied).
Â Â Â Â Â Â Â Â Â Â By his argument on appeal, appellant miscasts the issue the ALJ was required to
decide. Contrary to appellantâs assertions, DPS was not required to prove that appellant
was actually driving while intoxicated. Stagg v. Tex. Depât. of Public Safety, 81 S.W.3d 441,
444 (Tex.App.âAustin 2002, no pet.); Church v. State, 942 S.W.2d 139, 139-40
(Tex.App.âHouston [1st Dist.] 1997, pet. refâd). That determination is to be made during the
DWI prosecution. Id.; Tex. Penal Code Ann. Â§ 49.04(a) (Vernon 2003). A fact finding by an
ALJ regarding actual operation of a motor vehicle while intoxicated is beyond the ALJâs
authority and any finding of fact on that issue would be of no import. Tex. Depât. of Public
Safety v. Hirschman, 169 S.W.3d 331, 337-38 (Tex.App.âWaco 2005, pet. denied). 
Instead, at the administrative hearing, DPS was required to prove only that probable cause
existed to believe that appellant was operating a motor vehicle in a public place while
intoxicated. Probable cause exists where the police have reasonably trustworthy
information sufficient to warrant a reasonable person to believe a particular person has
committed or is committing an offense. Guzman v. State, 955 S.W.2d 85, 87
(Tex.Crim.App. 1997). 
Â Â Â Â Â Â Â Â Â Â At the hearing before the ALJ, DPS presented the arresting officerâs sworn report
which clearly stated that several witnesses told police appellant was the driver of the vehicle
that sustained front-end damage in the collision. Appellant was found to be the owner of
that vehicle. The report also included a document entitled âStatutory Warning,â a copy of
which had been provided to appellant on his arrest, warning:
You are under arrest for an offense arising out of acts alleged to have been
committed while you were operating a motor vehicle in a public place while
intoxicated . . . You will be asked to give a specimen of your breath and/or bloodÂ .Â .Â .Â .
If you refuse to give the specimen, that refusal may be admissible in a subsequent
prosecution. Your license . . . will be suspended or denied for not less than 90 days,
whether or not you are subsequently prosecuted for this offense. 
Â 
Â Â Â Â Â Â Â Â Â Â The statutory warning also noted that âSubject [appellant] refused to allow the taking
of a specimen as evidenced by his signature below.â Given this evidence, the record of the
ALJ hearing demonstrated a reasonable basis for the agencyâs action. There was evidence
that: (1) reasonable suspicion or probable cause existed to arrest appellant as several
witnesses indicated to the officer that appellant was the driver of the vehicle that caused the
two-car collision; (2) probable cause existed to believe that appellant was operating a motor
vehicle in a public place while intoxicated, given eyewitness accounts that appellant was the
driver of the vehicle, coupled with the odor of alcoholic beverages emitting from appellantâs
breath, his unsteadiness on his feet, and his failure to adequately perform the administered
field sobriety tests; (3) appellant was placed under arrest by the officer and was requested
to submit to the taking of a breath specimen; and (4) appellant refused to submit to the
breath test. We agree with the county court at lawâs conclusion that there was a reasonable
basis in the record to support the administrative decision to suspend appellantâs driverâs
license. We overrule appellantâs first issue.
Â Â Â Â Â Â Â Â Â Â Appellantâs second issue must be overruled for the same reason. Because the issue
was not whether appellant was actually driving but whether the officer had probable cause
for believing so, the ALJ did not abuse its discretion by accepting the officerâs version
reflected in his report over the testimony at the hearing. We overrule appellantâs second
issue. 
Â Â Â Â Â Â Â Â Â Â Â Â The judgment of the county court is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 
Â 
Â 
Â 




y:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:12.0pt;
 mso-ansi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-font-weight:bold;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0215.cv%20concurring%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0215.cv%20concurring%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0215.cv%20concurring%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0215.cv%20concurring%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0215.cv%20concurring%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








   NO. 07-10-0215-CV

Â 

IN THE COURT OF
APPEALS

Â 

FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL
C

Â 

Â MAY 5, 2011



Â 



Â 

Ex parte AJMAN A. ADIL 



Â 



Â 

Â FROM THE 108TH
DISTRICT COURT OF POTTER COUNTY;

Â 

NO. 98,039-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE



Â 



Â 

Concurring
Opinion

___________________________

Â 

Before QUINN, C.J., and
HANCOCK and PIRTLE, JJ.

Â 

Given
that the standard of review is one of abused discretion, complaints regarding
the legal and factual sufficiency are not independent avenues of attack.Â  Instead, they are subsumed within the
question of whether the trial court abused its discretion.Â  In re A.C.B., 302 S.W.3d 560, 563-64 (Tex. App.ÂAmarillo 2009, no
pet.).Â  Furthermore, when the
standard of review is that which is applicable here, the appellant may seek to
reverse the trial courtÂs decision only for the reasons proffered to it; that
is, it cannot raise grounds which went unmentioned below.Â  Hailey v. State, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002).Â  So, since the Âsole questionÂ the State urged
to defeat the request for expunction involved the tolling of limitations, it
cannot assert any others on appeal.Â  And,
finally, there is no evidence of a criminal accusation being levied against Adil since the State dismissed its indictment against her
in 2007.Â  In other words, there is no
evidence that she was an ÂaccusedÂ for purposes of article 12.05 of the Texas
Code of Criminal Procedure.Â  See Tex.
Code Crim. Proc. Ann. art.12.05(a) (Vernon 2005) (stating that the time during
which the accused is absent from the state shall not be computed in the period
of limitations); Ex parte Matthews, 933
S.W.2d 134, 137-38 (Tex. Crim. App. 1996) (holding that one is not an accused
unless charged with the offense and a person does not become an accused for
purposes of art. 12.05 tolling until the person has been charged with the
offense).Â  Â For these reasons, I concur with the
majorityÂs opinion.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â