NO. 07-07-0364-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2009
_____

PAUL DEAN HARRISON, APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-599,777; HONORABLE PAULA LANEHART, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Paul Dean Harrison appeals from the county court's order sustaining the two-year suspension of his driver's license. Through two points of error, appellant contends there was insufficient evidence to support his license suspension and the court abused its discretion in rejecting appellant's testimony in favor of uncorroborated hearsay evidence. We affirm.

Background

A Lubbock police officer responded to the scene of a two-car collision and spoke with several people still at the scene. Each of the witnesses in the first car identified appellant as the driver of the second car, which had rear-ended their vehicle. The officer later determined appellant owned the second car.

The officer also spoke with appellant about the collision. Appellant denied he was the driver of the second car, but the officer believed he was the driver and proceeded to conduct field sobriety tests. At the conclusion of these tests, appellant was arrested for DWI. Appellant refused to provide a breath specimen and as a result, his driver's license was suspended.

Appellant requested an administrative hearing to contest the suspension of his license. Four exhibits were admitted without objection at the hearing.[1] Appellant testified that he was not the driver of the car. Another individual testified that he was the driver but left the scene because several witnesses were "trying to jump on us" and he was driving with a suspended license. At the conclusion of the administrative hearing, the administrative law judge ("ALJ") sustained the two-year suspension of appellant's license.

---

[1] The exhibits consisted of the peace officer's sworn report, the statutory warning, a certified copy of appellant's driving record, and a copy of the accident report.

Appellant appealed the ALJ's decision to the County Court at Law No. 3 of Lubbock County. The county court at law sustained the ALJ's decision. This appeal followed.

Analysis

Through two issues, appellant contends: (1) the county court at law improperly affirmed the ALJ's holding because there was not a scintilla of credible evidence showing appellant was driving the car; and (2) the county court at law's rejection of appellant's testimony in favor of uncorroborated hearsay evidence was an abuse of discretion.

Standard of Review

Review of an ALJ's suspension of driving privileges is made under a substantial evidence standard. *Mireles v. Tex. Dep't. of Public Safety,* 9 S.W.3d 128, 131 (Tex. 1999); *Tex. Health Facilities Com'n v. Charter Medical-Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex. 1984). "Substantial evidence" means that, on the evidence as a whole, reasonable minds could have reached the same conclusion as that of the administrative agency. *Tex. Dep't. of Public Safety v. Bond,* 955 S.W.2d 441, 445 (Tex.App.–Fort Worth 1997, no pet.). Under a substantial evidence review, the reviewing court cannot substitute its judgment for that of the ALJ and must affirm the ALJ's decision if it is supported by more than a scintilla of evidence. *Mireles*, 9 S.W.3d at 131. The issue for the reviewing court is not whether the ALJ made a correct decision, but rather whether there is some reasonable basis in the record for the action taken by the ALJ. *Id.* An administrative decision may be sustained even if the evidence preponderates against it. *Mireles,* 9 S.W.3d at 130. This Court will

review the lower court's judgment regarding the ALJ's decision *de novo.* *Tex. Dep't. of Public Safety v. Struve,* 79 S.W.3d 796, 800 (Tex.App.–Corpus Christi 2002, pet. denied).

Application

Section 724.042 of the Texas Transportation Code, the license suspension statute, serves the remedial purpose of protecting public safety by quickly removing drunk drivers from the road. Tex. Transp. Code Ann. § 724.042 (Vernon 2004); *Mireles,* 9 S.W.3d at 130. As applicable here, section 724.042 provides that the issues to be considered at an administrative hearing involving the suspension of a driver's license are whether: (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) the person refused to submit to the taking of a specimen on request of the officer. Tex. Transp. Code Ann. § 724.042. If the ALJ finds in the affirmative on each issue, the license suspension is sustained. *Id.; Tex. Dep't. of Public Safety v. Scanio,* 159 S.W.3d 712, 716 (Tex.App.–Corpus Christi, 2004, pet. denied).

By his argument on appeal, appellant miscasts the issue the ALJ was required to decide. Contrary to appellant's assertions, DPS was not required to prove that appellant was *actually* driving while intoxicated. *Stagg v. Tex. Dep't. of Public Safety,* 81 S.W.3d 441, 444 (Tex.App.–Austin 2002, no pet.); *Church v. State,* 942 S.W.2d 139, 139-40 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd). That determination is to be made during the DWI prosecution. *Id.;* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). A fact finding by an

4

ALJ regarding actual operation of a motor vehicle while intoxicated is beyond the ALJ's authority and any finding of fact on that issue would be of no import. *Tex. Dep't. of Public Safety v. Hirschman,* 169 S.W.3d 331, 337-38 (Tex.App.–Waco 2005, pet. denied). Instead, at the administrative hearing, DPS was required to prove only that probable cause existed to believe that appellant was operating a motor vehicle in a public place while intoxicated. Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App. 1997).

At the hearing before the ALJ, DPS presented the arresting officer's sworn report which clearly stated that several witnesses told police appellant was the driver of the vehicle that sustained front-end damage in the collision. Appellant was found to be the owner of that vehicle. The report also included a document entitled "Statutory Warning," a copy of which had been provided to appellant on his arrest, warning:

> You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place while intoxicated . . . You will be asked to give a specimen of your breath and/or blood . . . . If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license . . . will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

The statutory warning also noted that "Subject [appellant] refused to allow the taking of a specimen as evidenced by his signature below." Given this evidence, the record of the ALJ hearing demonstrated a reasonable basis for the agency's action. There was evidence that: (1) reasonable suspicion or probable cause existed to arrest appellant as several

witnesses indicated to the officer that appellant was the driver of the vehicle that caused the two-car collision; (2) probable cause existed to believe that appellant was operating a motor vehicle in a public place while intoxicated, given eyewitness accounts that appellant was the driver of the vehicle, coupled with the odor of alcoholic beverages emitting from appellant's breath, his unsteadiness on his feet, and his failure to adequately perform the administered field sobriety tests; (3) appellant was placed under arrest by the officer and was requested to submit to the taking of a breath specimen; and (4) appellant refused to submit to the breath test. We agree with the county court at law's conclusion that there was a reasonable basis in the record to support the administrative decision to suspend appellant's driver's license. We overrule appellant's first issue.

Appellant's second issue must be overruled for the same reason. Because the issue was not whether appellant was actually driving but whether the officer had probable cause for believing so, the ALJ did not abuse its discretion by accepting the officer's version reflected in his report over the testimony at the hearing. We overrule appellant's second issue.

The judgment of the county court is affirmed.

James T. Campbell
Justice